LEON & H. BLUM v. J. GOLDMAN & SON ET AL.

(Case No. 2071.)

1. PLEADING—MISJOINDER OF PARTIES—FRAUDULENT TRANSFER—CREDITORS—REMEDY —Four creditors by simple contract, in one action, sued their common debtor, and, charging that other parties had conspired with him to defraud plaintiffs, and were in possession of the proceeds of his property, sought against them a personal judgment for the amount of plaintiffs' claims against the debtor. *Held*, it being the law that the proceeds of property fraudulently conveyed and in the hands of a transferee who was a party to the fraud, can not be reached by personal judgment against the transferee, there was a misjoinder of parties plaintiff. (Following, Le Gierse & Co. v. Kellum & Rotan, 66 Tex.)

2. PRACTICE—See opinion for circumstances under which a judgment of dismissal was proper, upon the ground that there was no request that the case proceed to trial.

3. SAME—An objection in this court to a judgment of the district court, because rendered when the record disclosed the fact that one of the partners of the defendant firm was dead, comes too late. The death of the party defendant should have been called to the attention of the district court by suggestion, and service had upon the legal representatives of the deceased party.

APPEAL from Wood. Tried below before the Hon. Felix J. McCord. The facts are stated in the opinion.

*B. B. Hart* and *Giles & Kuteman*, for appellants, cited, Story's Eq. Plead., sec 286.

*McKay & Camp*, for appellees.

GAINES, ASSOCIATE JUSTICE.—Leon & H. Blum, appellants, and three other mercantile firms, having separate claims against appellees, Goldman & Son, for goods sold, joined in this suit in the court below against Goldman & Son, and also against Forgotsen and Weinstein, both of whom are also appellees in this court. The petition fully set out the several causes of action of plaintiffs against the defendants, Goldman & Son, and then proceeded to allege, that defendants, Forgotsen and Weinstein, had conspired with their co-defendants to defraud the creditors of the latter, and in pursuance of such conspiracy had caused a large amount of goods belonging to said co-defendants to be sold under fraudulent attachments, and were in possession of the proceeds. Exceptions were interposed on the ground of a misjoinder of parties, and also on the ground that no cause of action was shown against Weinstein and Forgotsen. The exceptions having been sustained, plaintiffs filed a trial amendment, which it is not necessary to notice further. The exceptions were again sustained, and plaintiffs declining further to answer, judgment was rendered for defendants. The action of the court in sustaining the exceptions to the petition as amended is assigned as error.

That plaintiffs could not join in a suit upon their several causes of action against Goldman & Son only, is quite too clear for argument, and it follows that if the petition shows no ground of action against Forgotsen and Weinstein, the exception to it for misjoinder of plaintiffs was well taken, and there was no error in sustaining it. Is there any cause of action shown against Forgotsen and Weinstein? Plaintiffs sued as simple contract creditors of the Goldmans, and obtained

neither attachment nor garnishment, but sought by their petition to reach the proceeds of Goldman & Son's goods alleged to have been fraudulently transferred to their co-defendants, by asking a personal judgment for their respective claims against the latter. It has been expressly held by this court, that the proceeds of property fraudulently conveyed and in the hands of the transferee who was a party to the fraud, cannot be reached in this way. See LeGierse v. Kellum & Rotan, 66 Tex., and cases there cited.

This relieves us of the necessity of discussing this question. The exceptions to the entire petition as amended were properly sustained. But it is also assigned as error, that, after the action of the court upon the exceptions, all the plaintiffs except Leon & H. Blum dismissed their suits in open court, leaving appellants the sole plaintiffs in the cause, and that the court erred in sustaining the exceptions after such dismissal by the other plaintiffs, and in not allowing appellants to prosecute their suits to judgment, at least against Goldman & Son. To the judgment of the court appellants excepted in open court, and their exception was entered of record upon the minutes. They also procured and filed a bill of exceptions to the same, stating the grounds of their complaint. It is to be noted that the judgment recites, that, after the exceptions were sustained to the petition as amended by the trial amendment, plaintiffs declined further to amend. Predicated upon this recital, immediately follows the judgment that the exceptions be sustained and that plaintiffs take nothing, etc., and that defendants recover their costs.

Then follows the declaration that plaintiffs (except Leon & H. Blum) dismiss their suit, and that the latter except to the judgment, etc. The bill of exceptions recites substantially the same facts, but states, as the grounds of exception, that there were no proper parties before the court, and that there was a proper cause of action set up by plaintiffs, and that they were not improperly joined.

It may be conceded that, if after the exceptions to the amended petition were sustained, and after their co-plaintiffs had dismissed their suit, appellants had asked a ruling upon the exceptions, and that they alone be permitted to proceed to judgment, the court should have overruled the exceptions to the petition in so far as it asked judgment in favor of appellants against Goldman & Son. But it appears affirmatively that plaintiffs declined to amend, and it no where appears that plaintiffs, in any manner, indicated to the court that they desired a judgment against the Goldmans only. On the contrary, it is shown by the record that they excepted to the judgment of the court upon other grounds.

We conclude that appellants, after the dismissal by their co-plaintiffs, should have requested the court to allow them to proceed to judgment; and, having failed to do this, and having declined to amend, the court was not bound to anticipate their wishes in this regard, and did not err in permitting the judgment in favor of defendants to stand as rendered.

It is also assigned as error, in substance, that the court erred in proceeding to judgment, when the record disclosed that one of the partners of the firm of J. Goldman & Son was dead. There is no formal suggestion of death upon the record, but the answer of William Goldman, who purports to answer for the firm, speaks of his partner, J. Goldman, as "now deceased," from which it may be inferred that at the time of filing the answer the latter was dead. If so, in the absence of some action to make his legal representatives parties, the cause could properly proceed against his surviving partner and a judgment would have been good as against the partnership assets and the individual property of the survivor. It was the privilege of appellants to suggest the death of the deceased partner and to have the cause continued for service on his legal representative. This was not done, and no objection taken to the action of the court in that regard, until the point was raised in the assignment of error. It is now too late to complain.

There being no error in the judgdment, it is affirmed.

AFFIRMED.

[Opinion delivered November 5, 1886.]