GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY ET AL.
v. S. C. HOUSE.

No. 271.

1. **Waiver of Forty Days Limitation.**—Contract for shipment providing that suit growing out of the transaction should be instituted within forty ·days from its accrual, plaintiff replied, that both before and after the expiration of the forty days the railway company persuaded and induced plaintiff not to .sue, promising to settle the claim as soon as it could be investigated. When proved, *held*, sufficient evidence of a waiver.

2. **Amendment in County Court not a New Cause of Action.**—Appellee having sued in a Justice Court to recover an overcharge of freight, .amended in the County Court by alleging that he and two other persons owned the cattle shipped upon which the overcharge was made, and recovery was .sought for their joint benefit. *Held*, the appellee being both consignor and consignee, the written contract being made with him, he had the right to sue alone, and the amendment changed neither the cause of action nor the character in which plaintiff sued.

3. **Parol Evidence to Vary Written Contract.**—When a written contract is signed by mistake, parol evidence is admissible to show it. Appellee having agreed with the agent upon a rate of freight, and being busy until after dark, loading, thereafter went to the depot, and being assured by the agent that the contract was all right, signed it without reading it, put it in his pocket, ran

and boarded the train, which left immediately, and did not discover the overcharge until he reached Chicago. *Held*, admissible evidence of mistake or fraud.

4. **Charge Held Correct.**—Claim being for overcharge in freight, a charge in substance, that if appellant by verbal contract agreed to furnish stable cars at $106.87 per car for shipment of cattle, and did furnish them, and in which the cattle were shipped, and nothing was said by the agent at the time or before the shipment to change or vary such verbal contract, that plaintiff could recover the difference between the contract price and the amount collected by the railway, was held correct; it being shown that the written contract fixing a higher rate was signed by mistake.

5. **Measure of Damages.**—If the contract was as plaintiff claimed it to be, he was entitled to recover the difference between what he paid and the amount agreed on at $106.87 per car. If the rate was as defendant contended, plaintiff was entitled to recover only for overcharge in weights and charges for feeding and watering. But he could not in either event recover for both.

6. **Verdict Cures Error in Charge, when.**—Though the charge on the measure of damages was erroneous, the jury disregarded it, and found upon the correct measure of damages, and the verdict is not disturbed.

APPEAL from Colorado. Tried below before Hon. W. S. DELANEY,. County Judge.

*Brown, Lane & Jackson, E. P. Hill*, and *W. N. Shaw*, for appellants.

1. The court erred in overruling defendant's motion to strike out, and its exception to the amended pleading of plaintiff. Curry v. Terrell, 1 W. & W. C. C., sec. 239; Morales v. Fisk, 66 Texas, 194; Armstrong v. Bean, 59 Texas, 493; Whitehead v. Herron, 15 Texas, 127;. Henderson v. Kissam, 8 Texas, 46.

2. The verdict and judgment are contrary to law and evidence, in this,. that under the evidence and pleadings plaintiff must recover, if at all, by virtue of the written contract of shipment, and by this contract his action is barred because not brought within forty days as provided. Railway v. Trawick, 68 Texas, 318.

3. It is not competent for three parties to join in one action for the recovery of that in which they have no joint or common interest; nor can one person recover in his individual capacity that which belongs to others, and in which he has no interest. 2 Willson's C. C., sec. 618; 1 Greenl. on Ev., sec. 51; Paschal v. Dangerfield, 37 Texas, 300.

Defect in party plaintiff not waived by failure to plead in abatement:. Holliman v. Rogers, 6 Texas, 97

*Foard, Thompson & Townsend*, for appellee.—1. Where a contract is. made directly with the consignor for the shipment of goods, and therein he appears to be both consignor and consignee, he, as the party to the contract, has the right to sue in his own name for the breach, without reference to his property in the goods. Railway v. Smith, 19 S. W. Rep., 509; Blanchard v. Page, 8 Gray, 281; 1 W. & W. C. C., sec. 471; Hooper

v. Railway, 27 Wis., 81; Express Co. v. Craft, 49 Miss., 480; 1 Chit. Plead., 7; Story on Ag., sec. 393.

2. In cases of fraud, accident, or mistake, equity will admit parol evidence to correct the terms of a written instrument, when the relief is sought between the original parties to the trade, or those under them in privity. Jones v. Jones, 2 Willson's C. C., secs. 2, 3; Glisson v. Craig, 1 W. & W. C. C., secs. 42–44, and authorities.

3. While a forty days stipulation in a contract within which to sue is reasonable, the same, like any other provision in a contract, may be waived. Where the failure to sue within the time is due to inducements held out or representations and promises made by the other party, then he is estopped from taking advantage of the same, as it would be taking advantage of his own wrong. Ins. Co. v. McGregor, 63 Texas, 404; Railway v. Scott, 2 Willson's C. C., secs. 324, 325; Railway v. Underwood, 62 Texas, 22; Railway v. Trawick, 80 Texas, 273.

WILLIAMS, Associate Justice.—On the 26th day of December, 1890, S. C. House, appellee, filed his demand with J. W. Holt, justice of the peace of precinct number 4, Colorado County, claiming that the appellant, Galveston, Harrisburg & San Antonio Railway Company, was indebted to him in the sum of $191.58 for overcharges on seven carloads of cattle shipped by him from Weimar to Chicago, in February, 1890.

Appellant answered, (1) by general denial, and (2) by special plea, that the shipment was made under a written contract, which provided, among other things, that no suit growing out of the transaction should be instituted or maintained after the expiration of forty days from its accrual, and that when instituted this action was conclusively barred under said provision.

To this answer the appellee replied, that both before and after the expiration of said forty days the Galveston, Harrisburg & San Antonio Railway Company persuaded and induced appellee not to sue, promising to settle the claim as soon as it could be investigated, and that appellant by this conduct had waived said forty days limitation, and was estopped to plead same; that the contract of shipment was signed by appellee through mistake, etc.

The cause was tried in the Justice Court, and judgment was rendered for appellee for $161.58. From this judgment the railway company appealed to the County Court.

In the County Court, on July 19, 1892, appellee filed additional pleadings, by which it was alleged, that the cattle which were shipped belonged to S. C. House (appellee), T. M. Insall, and T. L. Townsend, and recovery was sought for their joint use and benefit. The railway company thereupon filed its motion to strike out said additional pleadings, and to dismiss the suit, which motions where by the court overruled.

On July 19, 1892, there was trial in the County Court before a jury, and the verdict was returned July 20 in favor of appellee, S. C. House, for $191.58, with 6 per cent interest from January 1, 1891, and judgment was entered for $209.75 against appellants, from which this appeal is brought.

The first and tenth assignments of error complain of the refusal of the County Court to strike out the amended plea filed in that court, and to adjudge the costs accrued up to that time against appellee.

We think the ruling of the court was correct. Appellee had the right to sue, being the party, both as consignor and consignee, with whom appellant contracted for the shipment of the cattle, notwithstanding other parties may have owned part of the property. The contract established a privity between appellee and appellant, which gave the former the legal right to sue for its breach, and to recover not only for damages sustained by himself, but that sustained by the other beneficiaries.

The amendment filed changed neither the cause of action nor the character in which plaintiff sued. The same recovery sought by it could have been had without it.

The second, third, and ninth assignments claim that there was error in the admission of evidence, and in the charge of the court allowing the written contract to be varied by parol; and in the verdict of the jury, in finding for plaintiff an amount larger than he would have been entitled to under the written instrument.

The facts affecting this point are as follows:

The plaintiff introduced evidence to show, that when he and his associates were preparing to ship the cattle, Mr. Insall, one of them, caused a third party to make a rate for the shipment to Chicago, with appellant's station agent at Weimar, at $106.87 per carload. The agent denied that he agreed to such rate for the cars furnished, which were Street's stable cars, stating that he quoted that rate for standard cars, which were of less capacity than the others; and that upon being informed that Street's cars were wanted, he ordered and furnished them, without stipulating any rate per car; that the established charge for these cars was higher than for standard cars, because of their greater capacity. There was a decided conflict upon this point; plaintiff's witness stating very positively that the agreement was for the rate stated for the Street cars.

While the cattle were being loaded upon the cars, appellant's agent filled out the contract for their shipment, to be signed by himself and plaintiff, in which plaintiff was named as both consignor and consignee, and in which the rate of freight was stipulated at 56¼ cents per 100 pounds. About the circumstances under which this was signed there is no conflict in evidence. They are thus stated by appellee: "I accompanied, with others, the cars to Chicago; I was in charge of the cattle. The evening we loaded the cattle on the cars, the engine and crew to

carry the train reached Weimar.  It was after dark when we finished loading, and the engineer and employes of defendant were hurrying to get ready to start.  The depot was about 200 yards from the stock pen. I had to go up to the depot to sign the contract, in which was the pass for myself and employes to accompany the cattle.  I hurried up to the depot, and when I got there the agent handed me the contract, and told me he had fixed it out all right, and it was only necessary to sign my name, which, being in a hurry that the train might go, I signed without reading, as did the others at the same time, relying upon the agent's representations to me that it was all right.   Most of the contract was in fine print, and it would have taken me quite a while to read it.  I put the duplicate handed me by the agent in my pocket, and rushed down to the train, which left immediately, and did not discover the overcharge until I got to Chicago."

The station agent, as far as he testifies upon the subject, corroborates these statements of plaintiff; the only conflict as to what the contract was being as to the rate of freight to be charged.

The charge complained of is as follows:  " If you believe from the evidence that defendant's freight agent in Weimar, upon a demand of plaintiff or those acting for him for Street's stable cars to ship cattle from Weimar to Chicago, agreed to furnish him cars at the rate of $106.87 per car for said purposes, and that a verbal contract was entered into by and between parties at the time and to that effect, and that subsequently said agent furnished Street's stable cars to plaintiff, which he accepted, and in which he then shipped his cattle; and you further believe from the evidence nothing was said by the agent at the time or before said shipment was made to change or vary the above contract, then plaintiff will be entitled to recover difference between said contract price, $106.87, and the amount demanded and collected of him for said cars.   You are also charged, that if you find from the evidence that 1000 pounds excess was collected for on each of the seven cars in question, then you are instructed that the plaintiff would be entitled to recover the amount paid for said excess."

Under his plea that the written contract was signed by mistake, etc., we think the plaintiff was entitled to introduce evidence as to what the real contract was, and how the writing came to misrepresent it, and that the objection to evidence of the verbal agreement preceding the writing was not well taken.   Of course the writing merged into itself and superseded all previous verbal understandings on the subject, unless plaintiff succeeded in showing that he was entitled to have it corrected on the ground of mistake or fraud.   But we think it plain, that upon the uncontradicted statement above quoted there was either a mistake or a fraud in the drawing up of the contract, if the agreement was as appellee contends.

Complaint is made that the charge allows a recovery upon a precedent verbal agreement, without requiring the jury to first find facts entitling plaintiff to get behind the writing. This objection would obviously be well taken if the facts were not such as to authorize the court to assume that there existed a fraud or mistake in the execution of the instrument. We have just seen that all of those facts were virtually conceded except as to what the rate agreed upon was, and that the charge submitted to the jury.

Another contention is, that inasmuch as plaintiff did not own all of the cattle, and the verbal contract was not made with him, he can only recover upon the writing; and if that be disregarded, he can not maintain his suit. The answer is, that the writing stands as the contract of the parties in all particulars except that in which it may be avoided. The writing is not claimed to be other than that which was finally made between the parties, except in the freight rate of charges stated in it. It may be corrected in that, and stand in all other respects.

The charge of the court as to the measure of damages was unquestionably erroneous. If the contract was as plaintiff claimed it to be, he was entitled to recover the difference between what he paid and the amount agreed on at $106.87 per carload. If the contract was as defendant asserted it, plaintiff was entitled to recover only for the overcharge in weights, and the charges for feeding and watering stock. But he could not in either event recover for both of these, as the court, in effect, charged.

The verdict, however, shows plainly that the jury did not adopt defendant's version of the contract on the one hand, and did not on the other find for plaintiff upon the instruction which authorized a double recovery. They found for plaintiff the amount he sued for, which was the amount of the difference between the charges at $106.87 per car and what he paid, except there was a mistake of computation of $2.58 in making out the account, which the jury followed.

The court submitted to the jury the question as to what the contract was. It is evident that they found it as plaintiff contended for it, and the rest is simply matter of computation. The exact amount to which plaintiff is entitled is $189, with interest from January 1, 1891. Appellee having remitted the sum of $2.58, the judgment will be affirmed with costs, inasmuch as this excess was not called to the attention of the court below.

The evidence of the waiver of the clause of the contract requiring the suit to be brought within forty days, we hold to be sufficient.

As to the authority of the agent to waive that provision, we hold that the evidence was sufficient to authorize the jury to infer that it was within the scope of his apparent authority to do so. The fact that he was generally entrusted with the settlement of such claims justified the

public in acting upon such promises as he made to plaintiff. That his act was contrary to his instructions, or was without real authority, is not an answer to this view. Hull v. Railway, 66 Texas, 621; Hutch. on Carr., sec. 269; Laws. Con. of Carr., sec. 229.

In the case of Railway v. Trawick, 80 Texas, 273, there was no such evidence as there is in this case, that the local agent generally settles such claims.

*Affirmed.*

Delivered October 5, 1893.