# FIRST DISTRICT, 1896.

EDWARD WADSWORTH v. MRS. MARY CARDWELL ET AL.

Delivered October 1, 1896.

**1. Practice on Appeal—Defective Bond—Reinstatement.**

Where the appeal has been dismissed for want of a sufficient bond, the appellate court will permit a new bond to be filed and reinstate the cause, when there is no unreasonable delay.

**2. Judgment Not Final—Plea of Privilege by Some of the Defendants.**

An order sustaining a plea of privilege as to some of the defendants, but leaving the case undisposed of as to the others, is not a final judgment; and the dismissal of the former is subject to plaintiff's right of appeal, of which, however, he cannot avail himself until the cause is finally determined.

**3. Jurisdiction on Appeal—Parties Not Named in Bond.**

When notice of appeal is given, and a bond, though defective as to some of the appellees, is filed, the jurisdiction of the appellate court attaches as to all parties, and it has power to permit the filing of a perfect bond.

**4. Jurisdiction—Death of Party—Bringing in Representative.**

Where the court has acquired jurisdiction of a cause, it will not abate on the death of one of the defendants, but his representatives may be brought in, although they reside in another county, if otherwise amenable to the process.

**5. Death of Party—Who is Representative—Pleading.**

On the death of a defendant the representative to be brought in is ordinarily his executor or administrator, though in a proper case the heirs are treated as the representatives; but the facts must be stated which entitle the plaintiff to bring in the heirs, and this is sufficiently done when he alleges that there is no administration on the estate and no necessity for any.

**6.  Practice in Trial Court—Ruling on Demurrers After Dismissal.**

After a cause has been dismissed for want of parties, it is irregular to pass upon demurrers.

APPEAL from the County Court of Wharton.  Tried below before Hon. R. F. BENTLEY.

*Linn & Mitchell*, for appellant.—The court having jurisdiction of the subject matter of the suit and of the persons of at least two of the original joint defendants, acquired jurisdiction of all necessary or proper parties to the suit (personally served with process) for a full and complete adjudication upon all the issues in the case.  Rev. Stats., art. 1198, sec. 4; Low v. Felton, 84 Texas, 380; Schmidtke v. Miller, 71 Texas, 107; Eckford v. Knox, 67 Texas, 205; Garrett v. Gaines, 6 Texas, 446; Templeman v. Gresham, 61 Texas, 53; Willis v. Gordon, 22 Texas, 243; Bourke v. Vanderlip, 22 Texas, 221; Witt v. Kauffman, 25 Texas Supp., 384; State v. Lewellyn, 25 Texas, 797; McCampbell v. Henderson, 50 Texas, 611.

*G. G. Kelley* and *Hutcheson, Campbell & Sears*, for appellees.—1. This judgment became res adjudicata upon the adjournment of the court for its September, 1894, term, and is not appealed from.  The appeal bond filed June 24, 1895, is payable only to the sureties, W. T. Taylor and Tom Brooks.  With such a bond this court cannot take jurisdiction of the case at all, and certainly not as to questions affecting Mamie and Estelle Cardwell.  Stafford v. Blum, 7 Texas Civ. App., 294; Young v. Russell, 60 Texas, 684.

2.  It is necessary, on the death of a defendant, to make the administrator of such person's estate a party defendant, before the cause can proceed further.  The allegation in plaintiff's petition that there was no administration pending on the estates of John and Mary Cardwell, "nor is any such necessary," does not furnish an exception to the rule.  This allegation is a conclusion of law, whereas the positive allegation that there were no debts will alone change the rule.  Green v. Rugely, 23 Texas, 542; Webster v. Willis, 56 Texas, 473; Low v. Felton, 84 Texas, 385; Solomon v. Skinner, 82 Texas, 346.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant sued Mrs. Mary Cardwell, as principal, and Tom Brooks and W. T. Taylor, as sureties, on a bond given by them in accordance with the provisions of article 1843, Revised Statutes (1879), to prevent an administration on the estate of John Cardwell, the deceased husband of Mrs. Mary Cardwell, and to secure payment of Wadsworth's claim against the estate upon which the application for administration was based.  The suit was brought in Wharton County, in which the bond had been given, and in the courts of which there was jurisdiction of the estate.  Pending the suit Mrs. Cardwell died, and, her death being suggested of record, plaintiff filed amended pleadings, which alleged that Mamie and Estelle Cardwell were

the only heirs of her estate, and that as such they had received and taken possession of property belonging to same of value largely more than plaintiff's claim; that there was no administration upon said estate, and no necessity for any, plaintiff's claim being the only debt against it.

These heirs were cited, and pleaded that their residence was not in Wharton, but in Harris County, and asserted the privilege to be sued in the latter county. This plea was heard and sustained by the court, and an order was entered dismissing the parties from the suit, and the cause was continued for the purpose of bringing in the representatives of Mrs. Cardwell's estate. To this action plaintiff duly reserved his exception. At a subsequent term of the court, no further steps having been taken, the sureties, Brooks and Taylor, moved the court to dismiss for want of prosecution, and this motion was sustained and the cause was dismissed. Thereupon the court, by agreement, passed upon certain demurrers which had been filed by the sureties to the plaintiff's pleadings, and sustained all of them.

Plaintiff appealed, assigning as errors the sustaining of the plea of privilege filed by Mamie and Estelle Cardwell, the dismissal of the action for want of prosecution, and the sustaining of the demurrers. The appeal bond originally given was payable only to Brooks and Taylor, and not to the Cardwells. A motion to dismiss the appeal on this ground was made and sustained by this court, and the appeal was dismissed, but in due time a motion for rehearing and to reinstate was filed by appellant, accompanied by a good bond payable to all of the parties, and this court granted the rehearing, approved the bond, and reinstated the case. A motion is now before us in which the appellees urge us to review this action, set aside the submission, and dismiss the cause. One of the reasons given for this is, that the bond should have been tendered before the appeal was dismissed.

We have heretofore intimated that the proper practice in such cases is to meet the motion by tendering a bond curing the defects in the one first given, but we have not held that this was legally indispensable. A refusal to permit a new bond to be filed would be based upon a want of diligence, and not upon any inflexible requirement in the law that the bond must be given before the motion to dismiss has been acted on. Railway v. Cahill, 23 S. W. Rep., 45; Cowperthwait v. Fulton, 27 S. W. Rep., 588. There was in this case no unreasonable delay in giving the bond, as we held in reinstating the case, and we see no reason to change our opinion upon the subject.

It is next urged that this is not a case in which the giving of a new bond would give this court jurisdiction over the persons of Mamie and Estelle Cardwell, inasmuch as the first bond was not payable to them, and they were not therefore parties to the appeal, and hence could not be brought before the court by the filing of a new bond. In connection with this position, it is claimed that the order dismissing them was final after the term at which it was entered, and that an appeal from the

judgment finally dismissing the cause did not involve them as parties to it.

The order sustaining the plea of privilege was not a final judgment. It left the case standing in court undisposed of as to the subject matter, and as to the other parties. The plaintiff had the right to except to that action and to have it reviewed on appeal, but he could not take his appeal before a final judgment had been rendered. If the judgment of the County Court dismissed these parties as far as that court could do it, this dismissal was subject to the right which plaintiff had to cause that action to be reviewed by the appellate court, a right of which he could not avail himself until his case had been finally determined in the lower court. Hence, when the final judgment was rendered the Cardwell children were still parties to the suit, at least for the purpose of being made parties to the appeal, and of being required to respond to the action to be taken therein. Wooters v. Kauffman, 67 Texas, 496.

When notice of appeal was given and a bond, though a defective one, was filed, the jurisdiction of this court attached. Tynberg v. Cohen, 76 Texas, 409. In the case cited the bond was not payable to one of the parties interested in the appeal, but no motion was made to dismiss, and the court held that it gave jurisdiction to the Supreme Court over all the parties. It follows that the notice of appeal and original bond in this case gave jurisdiction to this court, and clothed it with power, under the provision of the statute, to require and allow the giving of a perfect bond in the place of the defective one. We have heretofore taken similar action in other cases involving the same question, and the practice is settled in this court.

The court in Wharton County had acquired jurisdiction over the person of Mrs. Caldwell, and, on her death, had the power to bring before it her legal representatives, regardless of the fact that they resided in another county. No question of venue, such as may arise in the original institution of suits, is involved in such a proceeding. Having power over the pending cause, the court cannot permit it to abate by the death of one of the parties, but may bring in his representatives, wherever they may reside. Sayles' Civ. Stats., art. 1248.

Ordinarily the representative to be brought in is the executor or administrator, but "in a proper case" the heirs are treated as the representatives. It is an exceptional case where the heir may be brought in, and the facts must be stated which entitle the plaintiff to do so. This the plaintiff in the present case attempted to do, by alleging that there was no executor and no administration on the estate, and that his was the only debt against it, and that hence no administration is necessary. It is intimated in the opinion in the case of Soloman v. Skinner, 82 Texas, 346, that such facts would constitute "a proper case" in which the suit could be prosecuted against the heirs, and we are inclined to the opinion that this is true, if the facts can be proven as alleged. But, however this may be, the plea to the venue was inapplicable. If the heirs were otherwise amenable to the process by which they were served, the fact

that they resided out of the county where the suit was pending was no answer. If the pleadings of plaintiff were not sufficient to show their amenability, they should have excepted; or if the facts alleged, upon which it was sought to make them parties, were not true, they should have contested the allegations. The ruling of the court sustaining the plea of privilege was erroneous.

Looking to the future disposition of this case, it is proper to say that, if plaintiff desires to prosecute the cause of action against Mrs. Cardwell's heirs, he must allege and prove facts sufficient to show that there is no necessity for administration on her estate; or, if he desires to do so, he· may discontinue entirely his suit against her estate and prosecute his action against the sureties alone. Sayles' Civil Statutes, arts. 1209, 1250, 1257. But, of course, he cannot prosecute his action to judgment against her estate, without having those who properly represented it before the court.

It is unnecessary to notice in detail the demurrers to the pleadings. It was irregular to act upon them after the cause was dismissed for want of parties. The substance of a good cause of action was shown, and none of the points raised by the demurrers were sufficient to sustain the action of the court is dismissing the cause.

Reversed and remanded.

*Reversed and remanded.*