TAYLOR v. ULLMANN, STERN & KRAUSE, Inc. (No. 7247.)*

(Court of Civil Appeals of Texas. Galveston. June 28, 1916. Rehearing Denied Oct. 5, 1916.)

1. VENUE ⟷21—MORTGAGE FORECLOSURE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1888, providing that, where the defendant in any suit dies before verdict and the cause of action survives, the suit shall not abate, but that the clerk shall issue a scire facias, requiring the executor to defend an action on notes payable in G. county, secured by deed of trust on land in another county where testator resided, was properly continued in G. county against his executrix appointed as executrix in such other county.

[Ed.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. ⟷21.]

2. HOMESTEAD ⟷33—CHARACTER—USE.

Where the maker of notes secured by a mortgage on a tract resided upon a smaller tract in a village and used the larger tract situated about one-fourth to one-half mile away in connection with his business as a stock pasture and for the raising of crops, there was such use of that tract as would impress upon it a homestead character.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 44–49; Dec. Dig. ⟷33.]

3. HOMESTEAD ⟷57(3)—CHARACTER—SUFFICIENCY OF EVIDENCE.

Evidence, in an action on notes secured by a deed of trust on a tract about from one-fourth to one-half mile away from the smaller tract on which the mortgagor lived, held to sustain a finding that the smaller tract was the urban homestead of the mortgagor.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 85; Dec. Dig. ⟷57(3).]

4. HOMESTEAD ⟷13—RIGHT—URBAN AND RURAL LAND.

One is not entitled under the law to a mixed homestead, part urban and part rural.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 14; Dec. Dig. ⟷13.]

5. APPEAL AND ERROR ⟷1071(1)—HARMLESS ERROR—FINDING AS TO HOMESTEAD.

Where a mortgagor was not entitled to a mixed homestead, part urban and part rural, an erroneous finding that his use of the rural tract did not impress upon it a homestead character was harmless error, where the court found that the land on which the mortgagor resided was his urban homestead.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4234; Dec. Dig. ⟷1071(1).]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Ullmann, Stern & Krause, Incorporated, against Lizzie G. Taylor, executrix of M. D. Taylor, deceased, and others. Judgment against the defendant Mrs. L. G. Taylor, executrix, and she appeals. Affirmed.

Hall & Barclay, of Wharton, for appellant. Mart H. Royston, of Galveston, for appellee.

LANE, J. On the 8th day of October, 1913, M. D. Taylor made, executed, and delivered to Ullmann, Stern & Krause, Inc., hereinafter called "plaintiffs," his three certain promissory notes, two of which were for $1,000 each, and the other for $2,000, all payable at Galveston, Tex. Contemporaneously with the execution of said notes, the said M. D. Taylor also executed a certain deed of trust, by which he conveyed to John Dunn, as trustee, 64 acres of land situated in Wharton county, Tex., to secure the payment of said notes.

This suit was instituted in the district court of Galveston county, Tex., on the 21st day of November, 1914, against M. D. Taylor to recover the balance due on said notes, and against both Taylor and Dunn for a foreclosure of its deed of trust lien on said 64 acres of land. After the suit was filed, M. D. Taylor filed his answer, admitting the execution and delivery of said notes and deed of trust, and the indebtedness, as alleged by plaintiffs; but he alleged that, at the time said deed of trust was executed, the 64 acres of land, by the same conveyed to Dunn, was a part of the homestead of himself and family, and that said deed of trust was void. John Dunn, trustee, also filed his answer on the 10th day of February, 1915, disclaiming any interest in the land in question. On the 11th day of March, 1915, by their first amended petition plaintiffs made Mrs. Lizzie G. Taylor, wife of M. D. Taylor, party defendant, alleging that she was claiming some kind of interest in the 64 acres of land described in said deed of trust. On the 29th day of March, 1915, Mrs. Taylor filed her answer in which she first pleaded her privilege to be sued in Wharton county, the place of her residence, and second, adopted the answer of M. D. Taylor, upon the merits of the case. On the 3d day of April, 1915, after all parties had filed their answers, M. D. Taylor died, and left a will wherein his wife, Lizzie G. Taylor, was named as independent executrix; said will was duly probated in the county court of Wharton county on the 21st day of July, 1915, and Mrs. Taylor duly qualified as such independent executrix. Thereafter, plaintiffs made Mrs. Lizzie G. Taylor, as executrix, party to the suit. Thereafter, to wit, on the 14th day of October, 1915, Mrs. Lizzie G. Taylor, executrix, filed her answer: First, pleading her privilege to be sued in the county of her residence; second, setting forth the fact of her qualification as independent executrix under the will of M. D. Taylor, deceased; third, alleging that an administration was pending in the county court of Wharton county, and that for that reason the district court of Galveston county had no jurisdiction to hear and determine said cause; and, fourth, alleging that the land described in said deed of trust was the homestead of M. D. Taylor, deceased, at the time of the execution of said deed of trust, and

---

that therefore said deed of trust was and is void. The trial court overruled Mrs. Taylor's pleas of privilege and plea to the jurisdiction of the court, and on the 25th day of October, 1915, the case was tried before the court without a jury, who rendered judgment against Mrs. L. G. Taylor as executrix of the will of M. D. Taylor, deceased, establishing the debt sued for as against the estate of M. D. Taylor and for a foreclosure of said deed of trust lien against all defendants in favor of plaintiffs. From such judgment, Lizzie G. Taylor, executrix, alone has appealed.

[1] By the first assignment of Mrs. Lizzie G. Taylor, independent executrix, it is insisted that the trial court erred in sustaining appellees' exception to her plea of privilege to be sued in the county where the will of M. D. Taylor was probated and in which she qualified as independent executrix, under said will.

It has already been shown that this suit was instituted against M. D. Taylor to recover upon certain notes executed and delivered by him to appellee, and for a foreclosure of a deed of trust lien upon the land in question; that after said Taylor had filed his answer he died before the trial of said cause; that he left a will, wherein Mrs. Lizzie G. Taylor was named as independent executrix; that said will had been duly probated in Wharton county, and Mrs. Lizzie G. Taylor had qualified as independent executrix; that thereafter Mrs. Taylor was made a party to this suit by proper petition.

It is provided by article 1888, Vernon's Sayles' Texas Statutes, that:

"Where in any suit the defendant shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but, upon a suggestion of such death being entered of record in open court, or upon a petition of the plaintiff, representing that fact, being filed with the clerk, it shall be his duty to issue a scire facias for the executor or administrator, and, in a proper case, for the heir of such deceased defendant, requiring him to appear and defend the suit, and, upon the return of such service, the suit shall proceed against such executor, administrator or heir, and such judgment may be rendered therein as may be authorized by law."

The action of the court in sustaining appellees' exception to said plea of privilege is sustained by the following authorities: Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; McCampbell v. Henderson, 50 Tex. 601; Wadworth v. Cardwell, 14 Tex. Civ. App. 359, 37 S. W. 367; Blum v. Goldman, 66 Tex. 621, 1 S. W. 899. Appellant's first assignment is overruled.

[2-5] The substance of appellant's assignments 2, 3, and 4 is that the undisputed evidence shows that the 64 acres of land involved in this suit was, at the time of the execution and delivery of said deed of trust by M. D. Taylor to appellees, a part of the homestead of M. D. Taylor, and exempt to him as such under the law; and that said deed of trust was and is void, and constitutes no lien on said land; and that the trial court erred in holding to the contrary and in foreclosing said lien.

At the request of appellant, the trial court prepared and filed his findings of fact in substance as follows: That at the time of the execution of the deed of trust in question, M. D. Taylor told appellees that his home was a certain 24½ acres of land in the village of Iago, in Wharton county, and that the 64 acres of land in question formed no part of his homestead, and that he drew a sketch for appellees showing how said 64-acre tract was separated from his home, which he said was in the town of Iago. That said deed of trust contains a recital as follows:

"Same property free of any incumbrance and not homestead, my homestead being 24½ acres of land in the town of Iago."

That the town or village of Iago contains about 25 or 30 families. That it is unincorporated, and that there has never been any map made of said town showing a division into lots, but that owners of different tracts of land have divided them into town lots. That there were three general stores, including the one owned by Mr. Taylor, a drug store, three saloons, a blacksmith shop, and a schoolhouse in said town of Iago. That the said 64-acre tract is situated about one-fourth to one-half miles from M. D. Taylor's said 24½ acres which he claimed as his homestead at the time he executed and delivered said deed of trust. That the only continuous use made by Taylor of the said 64-acre tract was for a hog pasture, though two or three crops of corn or potatoes had been grown on it in the number of years Taylor had owned it, and that sometimes the milk cows of the family were pastured thereon. That the said home tract of 24½ acres, or that portion on which Taylor lived, and on which he had his store, was in the town or village of Iago, and that the 64-acre tract was in the country and not in the town or village.

The court also, at the request of the appellant, prepared and filed his conclusions of law, as follows:

"(1) The 24½-acre tract, or that portion of it on which M. D. Taylor lived and where he had his store, being in the town or village of Iago, and the 64-acre tract described in the deed of trust being in the country, the former constituted the homestead of the family, and the latter was not a part of the homestead.

"(2) There was no use made of the 64-acre tract as would impress upon it the homestead character.

"(3) The 24½-acre tract in the town or village of Iago, where the home and store were situated, was an ample homestead provision for the family, and, even if the 64-acre tract had been in the town or village, Mr. Taylor had a right to designate the homestead of his family therein and to disclaim homestead in any other land not impressed with the homestead character by characteristic use."

Morris Stern, an officer of appellee corporation, testified that M. D. Taylor told him that the 24½ acres of land on which he

had his dwelling house and store was in the town of Iago, and constituted his homestead.

Mrs. Lizzie G. Taylor, widow of M. D. Taylor, appellant herein, testified that she and M. D. Taylor were married in 1910; that they made the said 24½ acres and the 64 acres of land their homestead from the time of said marriage up to the death of Mr. Taylor; that she lived in the town of Iago; that at the time of the death of Mr. Taylor he was conducting a general mercantile business; that he was also a farmer and trader; that he traded in hogs, cattle, and bought and sold land, bought anything that came along; that during the years 1912, 1913, and 1914 the 24½-acre tract upon which his residence was situated and the said 64 acres involved in this suit constituted their homestead; that from 1909 to the time of the death of Mr. Taylor, he used the 64-acre tract as a hog pasture, and to pasture their milk cows and teams he used on his farm; that Mr. Taylor owned 358 acres of land, a part of the Stephen F. Austin survey at the time of his death (the 64 acres in question was also a part of the same survey), but he had only paid $5 per acre on said 358 acres, and owed $45 per acre thereon; that the said 64-acre tract was about one-half mile from said 24½-acre tract and was not in the town of Iago; that Mr. Taylor was postmaster at Iago at the time of the execution of said deed of trust.

All the witnesses testified that the 24½-acre tract was at or in Iago, and that the 64-acre tract was used by Mr. Taylor for pasturing his hogs, cattle, milk cows, and farming teams. It is, or seems to be, conceded that said 64-acre tract is not in Iago, but is in the country.

We conclude from the undisputed evidence that the uses made by Mr. Taylor were such uses as one would make of his homestead, and that the court erred in holding that "there was no use made of the 64-acre tract as would impress upon it the homestead character." But we further conclude that there was sufficient evidence to support the finding of the court that the 24½ acres upon which M. D. Taylor lived was, at the time said deed of trust was executed, the homestead of himself and family; that it was situated in the town or village of Iago; and that it was therefore an urban homestead. We conclude therefore that as Mr. Taylor was not, under the law, entitled to a mixed homestead, part urban and part rural, the finding of the court that uses made of the said 64-acre tract did not impress upon it a homestead character was harmless error, as the judgment rendered can be sustained on the finding of the court that the 24½ acres upon which Mr. Taylor actually resided was his urban homestead.

As we are not prepared to say that the finding of the court that the 24½-acre tract of land upon which the family residence and

store building of M. D. Taylor were situated were within the town of Iago, and therefore urban property, was not supported by the evidence, we think the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.