**Jim LOUIS, Appellant,**

v.

**Vernie SPAIN et al., Appellees.**

**No. 3507.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1959.

Acklen & Bailey, Midland, for appellant.

Jones, Parish & Filmore, Wichita Falls, for appellees.

GRISSOM, Chief Justice.

Jim Louis suffered damages as the result of his automobile being struck by a wheel which came off a truck belonging to W. D. Spain. The accident happened in Shackelford County. Spain was a resident of Eastland County. Louis sued W. D. Spain for damages in Shackelford County. W. D. Spain did not file a plea of privilege, but answered in said cause. Before there was a trial, Spain died and, upon suggestion of

his death, his heirs-at-law, to-wit, his surviving wife and children, were substituted as defendants. Said heirs filed pleas of privilege to be sued in the county where they reside. Their pleas were sustained and the cause ordered transferred to Eastland County. Louis has appealed.

Appellant contends that, because W. D. Spain did not file a plea of privilege but filed an answer in said cause in Shackelford County, venue was thereby fixed in Shackelford County, and that his heirs, being liable, if at all, only to the extent that they have received property of W. D. Spain as his heirs, do not have the right to be sued in the county of their residence. Texas Rules of Civil Procedure, rule 152 provides that when the defendant dies, the plaintiff may procure a scire facias for his heirs "requiring" them to appear and defend the suit and that "the suit shall proceed against" such heirs. Appellees say that this rule does not control venue and, since no exception to Vernon's Ann.Civ.St. Article 1995 and no special statute or rule fixes venue in Shackelford County, the cause was properly transferred to Eastland County.

We think the sole point presented has been determined by the Supreme Court of Texas in favor of appellant. In Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 385, a suit for damages was brought against S. M. Nixon for the killing of Robert W. Malone. The suit was brought in Caldwell County where Nixon killed Malone. Nixon filed an answer in said suit. He thereafter died and his widow and child were substituted as defendants by virtue of a statute which contained the same applicable provisions as R.C.P. 152. The widow and child filed a plea of privilege to be sued in the county of their residence. The Court said:

"The plea of privilege to be sued in the county of their residence, filed by Maud Q. Nixon and her son S. M. Nixon, Jr., in the main case, was without merit, and should have been stricken out by the district court on the de-

murrer. The original suit was brought in Caldwell county by the widow, children, and heirs of Robert W. Malone against S. M. Nixon in his lifetime, to recover $50,000 damages for the alleged wrongful and malicious murdering of said Robert W. Malone by S. M. Nixon in said Caldwell county. S. M. Nixon appeared and answered, setting up that the killing was in his necessary self-defense. Subsequent to this he died, and, the cause of action being one that survived against his legal representatives, any necessary or proper party could be brought into the suit in Caldwell county, irrespective of the county of their residence. Rev.St.1895, art. 1194, § 9. Rev.St.1895, art. 1248." (Arts. 1194 and 1248, so interpreted by the Supreme Court, are now art. 1995 and R.C.P. 152, respectively.)

In Taylor v. Ullmann, Stern & Krause, Tex.Civ.App., 188 S.W. 746, 747 (Writ Ref.), the court said:

"By the first assignment of Mrs. Lizzie G. Taylor, independent executrix, it is insisted that the trial court erred in sustaining appellees' exception to her plea of privilege to be sued in the county where the will of M. D. Taylor was probated and in which she qualified as independent executrix, under said will.

"It has already been shown that this suit was instituted against M. D. Taylor to recover upon certain notes executed and delivered by him to appellee, and for a foreclosure of a deed of trust lien upon the land in question; that after said Taylor had filed his answer he died before the trial of said cause; that he left a will, wherein Mrs. Lizzie G. Taylor was named as independent executrix; that said will had been duly probated in Wharton county, and Mrs. Lizzie G. Taylor had qualified as independent executrix; that thereafter Mrs. Taylor was made a party to this suit by proper petition.

"It is provided by article 1888, Vernon's Sayles' Texas Statutes, that: 'Where in any suit the defendant shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but, upon a suggestion of such death being entered of record in open court or upon a petition of the plaintiff, representing that fact, being filed with the clerk, it shall be his duty to issue a scire facias for the executor or administrator, and, in a proper case, for the heir of such deceased defendant, requiring him to appear and defend the suit, and, upon the return of such service, the suit shall proceed against such executor, administrator or heir, and such judgment may be rendered therein as may be authorized by law.'

"The action of the court in sustaining appellees' exception to said plea of privilege is sustained by the following authorities: Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 99 S.W. 403; McCampbell v. Henderson, 50 Tex. 601; Wadsworth v. Cardwell, 14 Tex.Civ. App. 359, 37 S.W. 367; Blum v. Goldman, 66 Tex. 621, 1 S.W. 899. Appellant's first assignment is overruled."

In Williams v. Harris, Tex.Civ.App., 193 S.W. 403 (Writ Ref.) and Williams v. Adams, Tex.Civ.App., 193 S.W. 404, the original defendant answered in the suit against him. After the death of the original defendant, his executor was substituted as defendant under a statute containing substantially the provisions of our present R.C.P. 152. The executor filed pleas of privilege to be sued in the county where the estate was being administered. In each of said cases it was held that the statute which is the source of R.C.P. 152, controlled the venue. In Wadsworth v. Cardwell, 14 Tex.Civ.App. 359, 37 S.W. 367, 368, the court, in an opinion by Judge Williams, said:

"The court in Wharton county had acquired jurisdiction over the person of Mrs. Cardwell, and on her death had the power to bring before it her legal representatives, regardless of the fact that they resided in another county. No question of venue, such as may arise in the original institution of suits, is involved in such a proceeding. Having power over the pending cause, the court cannot permit it to abate by the death of one of the parties, but may bring in his representatives, wherever they may reside. Sayles' Civ.St. art. 1248" (Now R.C.P. 152) "* * * The plea to the venue was inapplicable. If the heirs were otherwise amenable to the process by which they were served, the fact that they resided out of the county where the suit was pending was no answer. If the pleadings of plaintiff were not sufficient to show their amenability, they should have excepted, or, if the facts alleged upon which it was sought to make them parties were not true, they should have contested the allegations. The ruling of the court sustaining the plea of privilege was erroneous."

The applicable rule is stated in 1 Tex.Jur. 2nd at pages 139, 140, as follows:

"When the legal representative is substituted as defendant, the action proceeds, not as a new suit dating from its revival against the representative, but as an action pending from the date of its original institution.

"Where suit was originally and properly brought in the county of the defendant's residence, the question of venue may not be raised by the defendant's heir who was made a party after the defendant's death. So too, the fact that the representative of a deceased defendant is a resident of a county other than that in which the suit was originally and properly instituted does not entitle him to a change of venue to the county of his residence. The court having acquired jurisdiction over the person of the deceased, it has power to

bring before it his legal representative regardless of the county in which he resides."

See also McCampbell v. Henderson, 50 Tex. 601; Duncan v. Glasscock, Tex.Civ.App., 118 S.W.2d 658; John E. Quarles Co. v. Lee, Tex.Com.App., 58 S.W.2d 77; and Bogle v. Landa, Tex.Com.App., 127 Tex. 317, 94 S.W.2d 154.

The judgment is reversed and judgment is rendered for appellant dismissing appellees' pleas of privilege and ordering venue maintained in Shackelford County.