**BILLINGS OIL SERVICE, INC.,**
**Appellant,**

v.

**Dean Standish KING, Appellee.**

**No. 2510CV.**

Court of Appeals of Texas,
Corpus Christi.

May 27, 1982.

Robert D. Nogueira, Beeville, for appellant.

R. F. Wheless, Jr., Bass, Webb, Fant, McKenna & Wheless, Houston, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

In this plea of privilege case, appellant, Billings Oil Service, Inc., originally brought suit to collect the unpaid balance owed it on a written contract which provided payment in Nueces County. The contract was signed by Richard King, Jr., appellee's deceased husband. Appellee filed a plea of privilege to be sued in Harris County, her residence, which was sustained by the trial court. We reverse.

The contract in question was executed by appellee's late husband on April 13, 1978. Appellant filed its original petition on May 15, 1979. Subsequently, appellant filed a suggestion of death of the defendant and motion for substitution of parties in which it alleges that Richard King, Jr., appellee's late husband, died on or about March 30, 1980, and that after diligent search Billings determined that no administration had been taken out on the estate of the decedent. Therefore, appellant sought to substitute Mrs. Dean Standish King, appellee here, and Richard King, III, the deceased's son, as parties to the suit, they being the sole survivors and heirs at law of the decedent.

By order dated December 8, 1980, the trial court granted appellant's motion for substitution of parties and substituted Mrs.

Dean Standish King and Richard King, III, for the deceased defendant. Thereafter, Richard King, III, disclaimed interest in the assets of the deceased and was severed and non-suited. On May 20, 1981, Mrs. King filed a plea of privilege to be sued in Harris County, and after a hearing, the trial court sustained the plea. Billings has appealed.

Appellant contends that the trial court erred in making findings of fact and conclusions of law that the appellee did not execute the written contract in question, nor ratify or adopt the contract, and that venue was not proper under Tex.Rev.Civ.Stat. Ann. art. 1995 § 5(a) (Vernon Supp.1982). Appellant argues that since the appellee was duly substituted as a party for her deceased husband, she was placed before the court in the position occupied by her husband, and, therefore, she was reachable on the merits and subject to trial in Nueces County, just as he was.

Appellee concedes that the original action was properly instituted in Nueces County under a provision in the contract executed by appellee's late husband. But, since appellee's husband died during pendency of the suit, she contends that Subdivision 5(a) is no longer applicable.

Subdivision 5(a) provides:

"(I)f a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the Defendant has his domicile."

We believe the issue now presented to this Court has been determined heretofore favorably to appellant's position. In *Wadsworth v. Cardwell*, 14 Tex.Civ.App. 359, 37 S.W. 367 (1896, no writ), a suit on a bond was brought against Mrs. Mary Cardwell, as principal, to prevent an administration on her deceased husband's estate. The suit was properly brought in Wharton County; however, while the suit was still pending, Mrs. Cardwell died. A suggestion of death and an amended pleading were filed alleging that the surviving heirs had taken possession of the deceased's property, the same being of value larger than plaintiff's claim. The heirs responded by stating that their residence was not in Wharton County but in Harris County and asserted their plea of privilege to be sued in Harris County. The plea was sustained by the trial court.

In reversing the trial court's action, the Court in *Wadsworth* said:

"The court in Wharton County had acquired jurisdiction over the person of Mrs. Cardwell, and on her death had the power to bring before it her legal representatives, regardless of the fact that they resided in another county... If the heirs were otherwise amenable to the process by which they were served, the fact that they resided out of the county where the suit was pending was no answer... The ruling of the court sustaining the plea of privilege was erroneous."

Furthermore, the Court in *Wadsworth* cited as authority Sayles' Civ.St.Art. 1248, which is now Rule 152, T.R.C.P. which provides:

"Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor *or heir* requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor *or heir*." (Emphasis added).

The applicable and correct rule is stated in 1 Tex.Jur.2d Abatement and Revival § 139 (1959) at pages 139 and 140, as follows:

"Where suit was originally and properly brought in the county of the defendant's residence, the question of venue may not be raised by the defendant's heir who was made a party after the defendant's death. So too, the fact that the representative of a deceased defendant is a resident of a county other than that in which the suit was originally and properly instituted does not entitle him to a change of venue to the county of his residence. The court having acquired jurisdiction over the person of the deceased, it has the power to bring before it his legal representative

729

regardless of the county in which he resides."

See also *Nixon v. Malone*, 100 Tex. 250, 98 S.W. 380 (1906); *McCampbell v. Henderson*, 50 Tex. 601 (1879); *Louis v. Spain*, 330 S.W.2d 478 (Tex.Civ.App.—Eastland 1959, no writ).

The judgment of the trial court is reversed and judgment is here rendered that appellee's plea of privilege is overruled and that venue be maintained in Nueces County.