### MASTERSON v. TURNLEY. (No. 2252.)

(Court of Civil Appeals of Texas. Texarkana. March 25, 1920.)

1. **Appeal and error** ⬿883 — **Plaintiff having agreed to special issues, cannot complain of refusal of directed verdict.**

Where plaintiff agreed that the cause should be submitted on special issues, plaintiff cannot complain of the refusal of a requested charge directing verdict in his favor.

2. **Appeal and error** ⬿171(3)—**Party having submitted case on one theory cannot change.**

In an action by plaintiff on notes given to a trust company, where the petition alleged the corporate existence of the company, and the case was submitted on such theory, plaintiff cannot complain of the refusal of a directed charge on the theory that the trust company was not organized at the time the notes were executed, and hence, though the notes were given for its stock, they were not invalid under Const. art. 12, § 6.

3. **Bills and notes** ⬿344—**One receiving notes after maturity takes them subject to defenses.**

Where plaintiff, after the first of a series of notes had matured, obtained the same, he took them subject to defenses available as against the original holder.

4. **Bills and notes** ⬿375 — **Notes given for stock are unenforceable even in hands of innocent holder.**

Where notes were given a corporation in payment of stock, and the corporation issued the stock, they are void under Const. art. 12, § 6, and are unenforceable even in the hands of an innocent holder.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by H. Masterson against G. I. Turnley. From a judgment for defendant, plaintiff appeals. Affirmed.

Appellant sought by this suit to recover the amount of three promissory notes made by appellee October 15, 1912—one for $870.05 and two for $800 each—payable to the Commonwealth Trust Company, or order, in 12,

24, and 36 months, respectively; and to foreclose the lien of a deed in trust made to secure the notes on a tract of land for which they purported to have been given. It appeared from undisputed· evidence heard at the trial, however, that the notes were not given for the land, but were given for capital stock of said Commonwealth Trust Company, which the company agreed to issue to appellee. The court submitted to the jury an issue as follows:

"At the time the notes in controversy were executed by defendant, Turnley, was it contemplated and agreed by the parties thereto that, as consideration therefor, 25 shares of the stock of the Commonwealth Trust Company were to be at once issued and delivered by said company to defendant, irrespective of the ·time of payment of such notes?"

The jury having answered the question in the affirmative, the court on their finding, "and from the facts adduced in evidence upon the trial," rendered judgment that appellant take nothing by his suit; and on appellee's cross-action, in which he prayed for such relief, canceled the notes and trust deed.

J. E. Winfree, of Houston, for appellant.
Baldwin & Baldwin, of Houston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] Notwithstanding, it appears from a recital in the judgment that he agreed that the cause should be submitted to the jury on special issues, and notwithstanding it appears from another part of the record that he requested the court to submit to the jury an issue as to whether the notes sued on were "executed solely for the purpose of paying for stock in the Commonwealth Trust Company," appellant complains because the court refused to give to the jury a charge he requested, instructing them to return a verdict in his favor.

Perhaps the contention should be overruled without reference to its merits, because appellant was in the attitude, by reason of the facts stated, of having waived a right to complain in any event of the refusal of the court to give such an instruction (Sanford v. Railway Co., 143 S. W. 329; Cement Co. v. Young, 140 S. W. 378), but we think also it should be overruled when considered on its merits; for there was testimony which warranted a finding that the consideration for the notes sued on was stock of the Commonwealth Trust Company which that company agreed presently to issue to appellee. Indeed, appellant does not pretend there was not testimony that the notes were given for stock of said company. His insistence in .support of his claim of error is that it did not appear that the trust company was a corporation at the time the notes were made, nor that the stock was to be issued and delivered to appellee before the notes were paid. He argues that the trial court therefore as a matter of law should have treated the notes as not invalid within the prohibition of section 6 of article 12 of the Constitution, but as valid within the rule applied in Ins. Co. v. Hill, 184 S. W. 247.·

·It is true it does not directly appear from testimony we have found in the record that the trust company at the time specified was a corporation; but in his pleadings appellee alleged it was, and no complaint of the judgment on the ground that it was made in the court below. On the contrary, 'it appears the case was tried on the assumption that the company was a corporation, as appellee alleged it was. Under these circumstances we do not think appellant should be heard to complain as he does here. Sanford v. Railway Co., supra; Cement Co. v. Young, supra.

[3, 4] We regard the insistence that the trial court should have treated the notes as valid, notwithstanding they were given for stock of a corporation, because it did not appear that the stock was ever in fact issued, and as not without a consideration, because it did not appear that the trust company "is not capable of issuing stock for same as was originally agreed," as without merit. It was not disputed in the testimony that the Commonwealth Trust Company "went defunct," as appellant, testifying as a witness, expressed it. If it did, of course it could not thereafter comply with its undertaking to issue shares of its stock to appellee, and hence the·consideration for the notes failed. That would be a good defense against appellant's suit, because it appeared that the trust company was still the owner of the notes when the first of the series matured. Taking the notes as appellant did after one of them had matured, they were subject in his hands to the defenses which could then have been urged against them had·they remained in the hands of said trust company. Kampmann v. McCormick, 99 S. W. 1147; Harrington v. Claflin, 91 Tex. 294, 42 S. W. 1055. If the trust company had continued to exist and had issued shares of its stock to appellee, as it agreed to, the transaction would be unlawful because within the prohibition of said section of the Constitution, and the notes would not be enforceable against appellee, at the suit even of an innocent holder thereof. Crawford v. Davis, 188 S. W. 436; Trust Co. v. Swearingen, 200 S. W. 596; Ater v. Grocery Co., 189 S. W. 1106. So, if the notes were not invalid by force of the constitutional provision, they were without consideration, and therefore not enforceable ·against appellee by appellant.

The judgment is affirmed.