## BEN C. JONES & Co. v. STATE PRINTING CO. et al. (No. 6236.)

(Court of Civil Appeals of Texas. Austin. Dec. 9, 1920. Rehearing Denied March 3, 1921.)

1. Judgment ⬳584—Adjudication that contract did not exist held res adjudicata.

Judgment for defendants in action on a contract which the defendants claimed did not exist was res adjudicata in subsequent action by plaintiffs against same defendants and other defendants who were privies to defendants in first action, based on the same cause of action.

2. Appeal and error ⬳882(1)—Requiring relitigation of same issues on retrial held to work estoppel to assert former adjudication.

Plaintiff by requiring defendants on retrial of action to relitigate the issues involved in the first trial were estopped from asserting

that the judgment rendered upon first trial had not been set aside by the Supreme Court.

**3. Appeal and error ⬤⟹597(1)—Transcript should include findings unless omission is agreed to by both parties.**

Findings of fact should not be omitted from transcript unless both parties agree to such omission.

**4. Costs ⬤⟹256(1)—Cost of copying exhibits in transcript not charged against defendants where plaintiffs did not object to exhibits.**

Where plaintiffs in error did not object to exhibits attached to the answer of defendants in error, and did not ask to have exhibits detached in the trial court, but signed agreement that exhibits should be copied in transcript, they were not entitled to have cost of copying them in the transcript charged against the defendants in error, on court affirming judgment.

Error from District Court, Travis County; John Watson, Special Judge.

Action by Ben C. Jones & Co. against the State Printing Company and others. Judgment of nonsuit, and plaintiffs bring error. Affirmed.

Ben. C. Jones & Co., in pro. per.

Hart & Patterson and White, Cartledge & Wilcox, all of Austin, for defendants in error.

KEY, C. J. The following substantially correct statement of the nature and result of this suit is copied from the brief of the defendants in error.

"This case is a new and separate suit from but serving as a continuation of a suit, No. 21146, filed by the plaintiffs in error on the 11th day of July, 1904, in the Twenty-Sixth district court of Travis county, against the Gammel Book Company, H. P. N. Gammel, C. F. Gydeson, A. S. Vandervoort, and the Gammel-Statesman Publishing Company, to recover damages for breach of a contract entered into between the plaintiffs and the Gammel Book Company on October 31, 1901, for the printing of the official court reports of the state of Texas.

"Plaintiffs alleged in their petition of July 11, 1904, that they should have been given the printing of 95 and 96 Supreme Court Reports, 43 Criminal Appeals Reports, 27, 28, 29, 30, and 31 Civil Appeals Reports, and eight volumes of the old reports.

"The first trial of cause No. 21146 was before a jury, and a verdict rendered in favor of plaintiffs for the profits claimed by them on volume 30, Civil Appeals Reports, in the sum of $1,177.24 and against them on the other reports. An appeal was taken by the plaintiffs to the Court of Civil Appeals for the Third Supreme Judicial District, wherein the defendants filed cross-assignments of error. The judgment was affirmed by the Court of Civil Appeals, as appears from the report of the case in 94 S. W. 191. Both parties applied to the Supreme Court for a writ of error, and the application of each party was granted by the Supreme Court. The case was reversed by the

Supreme Court solely for error in the charge of the trial court, and remanded to the trial court; the opinion of the Supreme Court being reported in 100 Tex. 329, 99 S. W. 701, 8 L. R. A. (N. S.) 1197, the concluding part of the opinion being as follows: 'We do not think it necessary or profitable, in this case to discuss the several assignments by Ben C. Jones & Co. or the cross-assignments by the Gammel Book Company and others. For the error committed by the court in the submission of the cause to the jury, as above indicated, the judgment will be reversed, and the cause remanded.'

"After the case was reversed and remanded by the Supreme Court, the plaintiffs, filed their first amended original petition in the Twenty-Sixth district court on April 15, 1908, wherein they retained all of the defendants in the case at the time it was first tried in the Twenty-Sixth district court on May 30, 1905, and in addition thereto made the State Printing Company, the Austin Statesman Company, John H. Kirby, R. L. Batts, B. W. Randolph, and B. F. Bonner defendants, and sought to recover damages against all of the defendants for not being given the printing of 95, 96, 97, and 98 Supreme Court Reports, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 Civil Appeals Reports, 43, 44, 45, and 46 Criminal Appeals Reports, and eight volumes of the old reports, alleging in said amended petition that plaintiffs had a 20-year verbal contract with the Gammel Book Company to print the official court reports, and that the 2-year contract of October 31, 1901, was but a part of said 20-year verbal contract.

"After the amended petition was filed in the Twenty-Sixth district court on April 15, 1908, the case by agreement was transferred to the Fifty-Third district court. of Travis county, and a trial was had thereon before the judge without a jury, and judgment rendered on June 23, 1910, that the plaintiffs take nothing against the defendants by their suit. Plaintiffs appealed from this judgment to the Court of Civil Appeals for the Third Supreme Judicial District, and the judgment of the trial court was affirmed by this court on May 24, 1911 (141 S. W. 1048), and appellants' motion for rehearing overruled on December 20, 1911. Plaintiffs filed their application to the Supreme Court for a writ of error, which was refused by the Supreme Court on February 7, 1912. Plaintiffs then filed their motion for rehearing in the Supreme Court, which was overruled on February 28, 1912. On March 25, 1912, plaintiffs filed in the Supreme Court application for mandamus against the judges of the Court of Civil Appeals for the Third Supreme Judicial District to require them to grant a rehearing and reopen the case, which motion was refused on April 3, 1912. They next filed an application for mandamus against the trial judge to require him to reopen the case, which was refused. On May 28, 1912, they filed in the Court of Civil Appeals a motion for rehearing and to vacate judgment, which was refused on October 12, 1912. On October 23, 1912, they filed a second motion for rehearing and to vacate judgment, which was overruled on January 8, 1913. 156 S. W. 317. On January 15, 1913, they filed a supplemental motion for re-

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

hearing of motion to vacate judgment, and this motion was granted by the Court of Civil Appeals on February 19, 1913, and an order entered reversing and remanding the case to the trial court for new trial. 156 S. W. 318. The appellees then filed a motion for rehearing in the Court of Civil Appeals, which was denied on April 9, 1913. In due time the appellees (defendants) filed their application in the Supreme Court for writ of error, which was granted by the Supreme Court. Upon hearing of the case by the Commission of Appeals, upon writ of error granted to the defendants, the judgment of the Court of Civil Appeals on the motion for rehearing and to vacate judgment was reversed, upon the ground that the Court of Civil Appeals was without jurisdiction and authority to grant said motion for rehearing and to vacate judgment. 206 S. W. 931. As soon as the Supreme Court granted the defendants' application for writ of error, the plaintiffs filed this suit, No. 30771, in the Twenty-Sixth district court of Travis county against the defendants in the suit at the time it was tried the second time in the Fifty-Third district court, and sought to recover damages for not being given the printing of all of the Texas official court reports included in said cause No. 21146, except volume 30, Court of Civil Appeals, and as to this volume alleged and claimed that they had an outstanding judgment by reason of the verdict and judgment in the first trial of said cause No. 21146 on May 20, 1905. These facts appear from the finding of facts.

"They base their alleged cause of action in cause No. 30771 upon the same contract that was involved in the second trial of cause No. 21146, and, in addition to the court reports included in their petitions in cause No. 21146, added 99 to 106 Supreme Court Reports, and 37 to 64 Civil Appeals Reports, and 47 to 70 Criminal Appeals Reports. The judge of the Twenty-Sixth district court, being disqualified, certified his disqualification to the Governor, and Hon. John Watson, judge of the Twentieth judicial district of Texas, was appointed by the Governor to try the case. The case went to trial on April 14, 1919, before Judge Watson. The trial was had before the court without a jury, upon plaintiffs' third amended original petition, defendants' third amended answer, plaintiffs' first supplemental petition, and defendants' first supplemental answer. The plaintiffs dismissed as to the defendants, Gammel-Statesman Publishing Company, State Printing Company, R. L. Batts, B. W. Randolph, C. F. Gydeson, B. F. Bonner, A. S. Vandervoort, W. P. Allen, and Josephine Houghton Allen.

"The defendants pleaded misjoinder of parties and causes of action and nonjoinder of parties; answered by general demurrer and special exceptions, by general denial; pleaded non est factum, the two and four year statutes of limitation and statute of frauds; that the contract claimed by plaintiffs with the Gammel Book Company was void as against public policy, and in violation of the Constitution of the state of Texas; that the contract sued upon was mutually rescinded by the parties to it on or about September 13, 1902; that the plaintiffs breached and abandoned said contract on or about September 24, 1902; that plaintiffs terminated said contract by suing and recovering upon a quantum meruit for work done on incompleted volume 25, Civil Appeals; that plaintiffs disposed of their printing plant, and disabled themselves from performing the contract; that the only contract for printing of the official court reports between plaintiffs and the Gammel Book Company was the written contract of October 31, 1901, for a period of two years; that the judgment obtained by plaintiffs in the first trial of cause No. 21146 for $1,177.24 as profits for not being given the printing of volume 30, Civil Appeals Reports, was reversed by the Supreme Court for an error in the charge of the trial court to the jury, and that said reversal was a general reversal, and reversed and remanded the entire case to the trial court for a new trial, and that by reason of said reversal by the Supreme Court plaintiffs did not have an outstanding judgment in their favor for said 30 Civil Appeals Reports; that, after the reversal of said case by the Supreme Court, plaintiffs filed their first amended original petition in said cause No. 21146 on April 13, 1908, wherein they retained as defendants all of the defendants in the case at the time of the first trial, and made John H. Kirby, R. L. Batts, B. W. Randolph, B. F. Bonner, the State Printing Company, and the Austin Statesman Company additional defendants, and sought to recover from both the original defendants and new defendants for the profits claimed by them on the official court reports involved in the first trial of said cause No. 21146, including volume 30, Civil Appeals, together with profits on additional volumes printed between the filing of the original petition in said cause No. 21146 and said amended petition of April 15, 1908; that the case was transferred to the Fifty-Third district court and tried a second time before the judge of said court without a jury, and that judgment was rendered in favor of the defendants, and that an appeal was taken from said judgment by the plaintiffs, and the judgment of the trial court affirmed by the Court of Civil Appeals and the Supreme Court; that the plaintiffs in their said amended petition of April 15, 1908, neither alleged nor claimed that they had an outstanding judgment for volume 30, Civil Appeals Reports, but expressly alleged and claimed that they were entitled to recover from all of the defendants in their amended petition of April 15, 1908, the profits claimed by them for not being given the printing of said report, and caused not only the original defendants in said cause No. 21146 to relitigate the issues as to said volume 30, Civil Appeals Reports, as if no trial had been had in said case, and as if no judgment had ever been rendered therein, but also the parties made defendants for the first time in said amended petition, and treated the reversal by the Supreme Court as a general reversal of the whole case, and requested and required the trial court to retry the case as to volume 30, Civil Appeals Reports, as well as the other reports involved in said suit; and that by reason of the judgment rendered against the plaintiffs on the second trial of said cause No. 21146 in the Fifty-Third district court, they were barred and estopped from bringing and maintaining this suit No. 30771, and had waived any outstanding dormant judgment that they might have had for volume 30,

Civil Appeals Reports, in the first trial of said cause No. 21146.

"Defendants further pleaded as defense that the plaintiffs on April 21, 1914, filed an application in the Supreme Court for the entry of judgment nunc pro tunc in their favor for the $1,177.24, alleged to have been rendered upon the first trial of said cause No. 21146, claiming in said application that the judgment of the trial court had not been reversed and set aside, and that said application was overruled by the Supreme Court, and that this judgment of the Supreme Court was res adjudicata and estopped plaintiffs from claiming an outstanding judgment.

"The defendants further pleaded as defense that the plaintiffs and defendants in said cause No. 21146, at the time it was tried the second time and judgment rendered therein on June 23, 1910, in favor of the defendants, were the same plaintiffs and defendants, with the exception of W. P. Allen and wife, Josephine Houghton Allen, as the plaintiffs and defendants in this cause No. 30771, and that Allen and wife were in privy with the original defendants, and that the same contract and the same issues were involved in the second trial of said cause No. 21146 as in this case, and that the judgment rendered by the trial court in the Fifty-Third District Court on June 23, 1910, and affirmed by the Court of Civil Appeals and Supreme Court, was a bar to the prosecution of this cause No. 30771, and that said judgments were res adjudicata of all the issues involved in this suit, and that the plaintiffs were estopped from maintaining this suit by reason of said judgments.

"Plaintiffs filed to the answer of defendants what they styled on the back thereof, 'Motion to Strike out Defendants' Answer,' but denominated on the face thereof, 'First Supplemental Petition.' The trial being without a jury, the demurrers and exceptions of both parties, and the motion of the plaintiffs to strike out defendants' third amended original answer and the pleas of res adjudicata and estoppel were heard and considered together by the court, and the court, after hearing evidence thereon, sustained special exception 3a of subdivision 4 of defendants' third amended original answer, and special exceptions Nos. 8, 9, 10, 17, and 18 of said subdivision 4, and overruled the other special exceptions of the defendants, and also the plaintiffs' said motion to strike out.

"The court also found that all matters and issues involved in this suit had been litigated, determined, and adjudicated in the second trial of cause No. 21146, and sustained the defendants' pleas of res adjudicata and estoppel, and found from the evidence that the plaintiffs ought not to recover anything against the defendants, and judgment was entered accordingly that the plaintiffs take nothing by their suit.

"The plaintiffs requested the court to file findings of fact and conclusions of law, and the court found and filed his findings of fact and conclusions of law.

"The plaintiffs in error did not except in any way to any ruling made by the trial court, nor to the judgment of the trial court, nor to the findings of fact and conclusions of law found by the trial court. In short, they took no exception of any kind to any of the proceedings in the trial court."

The case has been brought to this court by writ of error. There is no statement of facts, but the transcript contains very full and comprehensive findings of fact by the trial judge, and upon such findings of fact the trial court filed conclusions of law to the effect that the defendants had sustained both of their defenses, for the reasons: First, that the cause of action in this suit was the same cause of action involved in the second trial of No. 21146, and was there relitigated between the same parties, and, as that judgment was affirmed by this court and the Supreme Court, defendants' plea of res adjudicata was sustained; and, second, that by the pleadings filed by the plaintiffs, and upon which they went to trial at the second trial of cause No. 21146, they required the defendants to relitigate all matters involved in the first trial of that cause, and did not claim that there was an outstanding judgment in their favor in that cause for any sum, and they thereby waived their right, if any they had, to assert or claim the existence of such outstanding judgment, and were estopped from so doing.

[1, 2] We overrule the assignments of error which complain of the action of the trial court in overruling the plaintiffs' exceptions to the defendant's answer, and hold that the latter presented two valid defenses, which were: First, that the former judgment relied upon by the plaintiffs and sought to be revived by them had been set aside by the judgment of the Supreme Court, and all the matters pleaded by the plaintiffs as constituting a cause of action were res adjudicata; by reason of the judgment rendered in favor of the defendants upon the second trial of cause No. 21146, and the affirmance of that judgment by the Court of Civil Appeals, and the refusal of the Supreme Court to grant a writ of error; and, second, that by their conduct in forcing the defendants to relitigate all the issues originally involved in cause No. 21146 the plaintiffs were estopped from asserting that the entire judgment rendered upon the first trial of that cause had not been set aside by the Supreme Court.

The findings of fact filed by the trial court are too lengthy to be incorporated in this opinion, and we content ourselves with saying that they fully sustain both of the defenses set up by the defendants. This disposes of the controlling questions involved in this appeal.

All of the assignments presented in the brief of plaintiffs in error have been considered, and are decided against them.

The plaintiffs in error have also presented two motions, one to strike from the transcript the judge's findings of fact, and the other asking this court to tax against the defendants in error all the costs of copying in the transcript certain exhibits, consisting of records of courts attached to the answer of the defendants.

[3] While the plaintiffs in error requested the court to file findings of fact, they make the contention in this court that they had the right to bring the case here for review without such findings being incorporated in the transcript, but that contention ignores the fact that the defendants in error have rights in that regard, and therefore the findings of fact should not be omitted from the transcript, unless both parties agree to such omission.

[4] As to the other motion, if it be conceded that documents were attached as exhibits to the answer of the defendants which ought not to have been so attached, the plaintiffs in error made no objection in the trial court, did not ask to have such exhibits detached, and signed a written agreement, which is incorporated in the transcript, and which, after specifying the number of documents to be omitted therefrom, contains the following stipulation:

"It is further agreed that there shall be omitted from the transcript in this case all portions of the printed briefs made exhibits to defendants' third amended original answer except the assignments of error contained in each and all of said briefs and the proposition made thereunder; that it will not be necessary to copy into the transcript the statements under said propositions, authorities, or arguments; and that all other exhibits to defendants' third amended original answer shall be copied in full."

The plaintiffs in error having failed to object to the exhibits referred to in the trial court, and having signed an agreement that the exhibits contained in the transcript should be placed therein, we do not think they are entitled to have the costs of copying them in the transcript charged against the defendants in error; and therefore the motions referred to will be overruled.

No reversible error has been shown, and therefore the judgment is affirmed.

Affirmed.

### Opinion on Motions.

Plaintiffs in error have presented, and this court has duly considered their motion for a rehearing, and without further discussion this motion is overruled.

They have also presented a motion, requesting this court to make and file findings or conclusions of fact and law, and complain that a refusal to do so will deprive them of constitutional and statutory rights. As shown by the opinion heretofore filed, there is no statement of facts, and therefore it will be impossible for this court to make findings of fact based upon testimony. The trial judge filed very full findings of fact, and, of course, in disposing of the case, this court adopted the same as constituting the facts. If we had copied those findings in our opinion, as the law requires the clerk to record all

opinions and tax such recording as part of the costs, it would have materially increased the costs in this case without any possible benefit to either litigant. But, as plaintiffs in error are so insistent upon that point, we here and now specifically adopt the findings of fact of the lower court as conclusions of fact by this court; and the opinion we have heretofore filed constitutes our conclusions of law as based upon the facts referred to. The findings of fact so adopted are not to be recorded, as that would materially increase the cost bill, which is already very large.

Plaintiffs in error are not represented by attorneys in this court, but have represented themselves, and it is for that reason that this explanatory opinion is filed.

To the extent here indicated, the motion to file conclusions of law and fact is granted, but otherwise it is overruled.