**GUARANTY STATE BANK OF DODGE v. ROARK et al.  (No. 852.)**

(Court of Civil Appeals of Texas. Beaumont. June 30, 1922.)

1. **Evidence** ⬮423(8)—**Parol evidence held admissible to show relation of principal and surety between signers of note.**

In an action on a note, parol evidence was admissible to show the relation of principal and surety between the two signers of the note, notwithstanding the joint and several form of the note.

2. **Bills and notes** ⬮537(8) — **Evidence on question of whether a new note was accepted in payment of note sued on held sufficient to go to the jury.**

In an action on a note, evidence on the question of whether a new note had been accepted in payment of the note sued on *held* sufficient to go to the jury.

3. **Trial** ⬮420—**Right to complain of verdict on certain issue held waived where party requested submission of the issue.**

Where plaintiff, after the overruling of its motion for a directed verdict on question of whether it had accepted a new note in payment of the one sued on, requested that the question be submitted to the jury, it waived its right to complain of the finding of the jury on that question.

**4. Trial ⬤➡140(2)—Weight and credibility to be given uncorroborated testimony is for the jury.**

A question wholly dependent on the uncorroborated testimony of a party interested in the litigation, though unopposed by other witnesses, is for the jury; they having the right to pass upon the weight and credibility of the testimony.

Appeal from Walker County Court; A. T. McKinney, Jr., Judge.

Action by the Guaranty State Bank of Dodge against J. J. Roark and Jess H. Jones. From judgment for plaintiff against defendant Jones and discharging defendant Roark, Plaintiff appeals. Affirmed.

Hill & Hill, of Houston, for appellant.
M. E. Gates, of Hunstville, for appellees.

O'QUINN, J. Appellant brought suit against appellee and Jess H. Jones upon a promissory note, which is as follows:

"Dodge, Tex., February 17, 1920.

"On September 1, 1920, after date, grace waived, for value received, I, we, or either of us, promise to pay to the order of Guaranty State Bank three hundred, fourteen and $^{61}/_{100}$ dollars, payable at said bank in Dodge, Texas, with interest at the rate of ten per cent. per annum from maturity until paid, and ten per cent. additional if placed in the hands of an attorney for collection.

"The makers and all indorsers hereof severally waive presentment for payment and protest and consent that the time of payment may be extended without notice. Full authority is hereby given said bank or other legal holder hereof, upon nonpayment at maturity, to sell at any time thereafter any collateral pledged as security hereof, either at public or private sale, without notice for the purpose of paying this note and any other debts owing by us to said bank, and said bank or other legal holder hereof may become the purchaser of such collateral and have a clear title thereto.

"[Signed]    I. J. Roark.
"Jess H. Jones."

The defendant Jones did not answer. Appellee answered: (a) That he executed the note as an accommodation maker for Jones; (b) that the note sued on was secured by a chattel mortgage and that appellant had made no effort to foreclose same; (c) that on December 31, 1920, after the maturity of said note, defendant Jones had made a new note to appellant for $717.65, due and payable on November 1, 1921, secured by a chattel mortgage given by said Jones on the property included in the first mortgage, as well as some other property, and that the amount of the note sued on, principal and interest, was included in and was a part of said new note, and that said new note was given in lieu of the original note signed by Jones and appellee; and (d) that said new note was

executed by Jones and accepted by appellant without the knowledge or consent of appellee, by reason of which he was discharged from any liability on said original note.

Appellant excepted, by supplemental petition, generally and specially, to said answer, denied all the allegations in same, and pleaded affirmatively that appellee had agreed in writing at the time of the payment of said original note that it might be extended, and that appellant did not take the new note in payment of the one sued on, and that same had not been paid nor the date of payment of same extended.

The court overruled appellant's exceptions, and the case went to trial before a jury upon special issues, in answer to which they found: (a) That appellant knew, at the time the original note was executed, that appellee signed same as surety for Jones; (b) that appellee did not receive any part of the loan for which the note was given; (c) that said note was given to secure the individual indebtedness of Jones; (d) that Jones executed and delivered to appellant the new note of date December 31, 1920, and secured same by a chattel mortgage; (e) that said new note was given in lieu of the original note sued on, as well as for other indebtedness of Jones to appellant; (f) that appellee had no knowledge of the execution of said new note and mortgage; and (g) that appellant accepted said new note in payment of the original note sued on, which said last finding was in answer to special issue No. 1 requested by appellant.

The appellant objected and excepted to the submission of all special issues submitted to the jury, except to special issue No. 1 above mentioned.

Upon the answers of the jury judgment was rendered for appellant against defendant Jones, but in favor of appellee, sustaining his defense and discharging him.

The evidence shows that appellee, at the solicitation of appellant, executed the note sued on as surety for Jones and did not receive any part of the consideration for same; that Jones executed a chattel mortgage to secure the payment of said note; that when said note fell due September 1, 1920, Jones did not pay same, but on December 21, 1920, and without the knowledge or consent of appellee, Jones executed a new note for the sum of $717.65, embracing the amount of the principal and interest of the note in question, as well as other sums he owed appellant, to be due and payable on November 1, 1921, and gave a new mortgage to secure its payment upon the property embraced in the first mortgage, and some other property; that the original note was not delivered to Jones when he executed the new note, but that appellant defaced same by placing four marks,

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thus, " # # # # " upon and across the face of same; that the new note was placed with the assets of the bank duly stamped and the mortgage promptly filed for record; that appellee was not given any notice of these proceedings, and did not consent to the same. The disputed fact was as to whether the new note was given and accepted in payment of the note sued on. Appellant's cashier testified that he did not accept the new note in payment of the old one, and that he told Jones at the time the new note was made that he would not do so unless appellee signed same. It also appears from the evidence that appellee was not asked to sign the new note, and that he knew nothing of its having been given. Jones did not testify.

[1] Appellant's general demurrer and special exceptions were properly overruled. Parol testimony was admissible to show the relation of principal and surety, between Jones and appellee, notwithstanding the joint and several form of the note. Bank v. Skidmore (Tex. Civ. App.) 30 S. W. 564.

[2] The controlling question in the case is: Did appellant accept the new note in payment of the note sued on? At the conclusion of the testimony, appellant, by its special charge No. 1, requested the court to peremptorily instruct a verdict for appellant on the ground that the undisputed evidence showed that appellant did not accept the new note in payment of the note sued on, which was refused by the court. Appellant then requested the court to submit to the jury, as special issue No. 1, the question whether or not appellant accepted the new note in payment of the original—the one sued on—which the court did, and to which the jury answered, "Yes."

[3] Appellant's proposition that the court erred in refusing to instruct a verdict in its favor is overruled. The evidence required that the issue be submitted to the jury.

Appellant also complains that the court erred in refusing to grant it a new trial, for the reason that the finding of the jury on special issue No. 1, that appellant accepted the new note in payment of the note sued on, is without support in the evidence. Appellee strenuously insists that appellant, having specially requested the submission of said issue to the jury, is estopped from questioning the sufficiency of the evidence to sustain its finding. Appellant, in its special requested charge for an instructed verdict, took the position that the "undisputed evidence" showed that it did not accept the new note in payment of the original; but when the court refused the charge, appellant did not stand upon its right to take its bill of exception to the action of the court, and, if cast in the suit, ask a reversal of the judgment on that ground, but requested the court to give special issue No. 1, presenting

to the jury the question of fact as to its acceptance of said new note in payment of the note sued on, thereby recognizing that there was sufficient evidence to raise the issue and to support a finding by the jury. Perhaps the contention of appellant should be overruled without reference to its merits, because it was in the attitude, by reason of the facts stated, of having waived its right to complain, in any event, of the finding of the jury on said question. Cement Co. v. Young (Tex. Civ. App.) 140 S. W. 381; Sanford v. Railway (Tex. Civ. App.) 143 S. W. 329; Poindexter v. Receivers Kirby Lumber Co., 101 Tex. 326, 107 S. W. 42; S. W. Tel. & Tel. Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 800; Masterson v. Turnley (Tex. Civ. App.) 220 S. W. 428; Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1015. However, we think same should be overruled when considered on its merits, for the reason that the testimony, in our opinion, sufficiently supports the finding of the jury that appellant did accept the new note in payment of the one sued on.

Appellant insists that but two witnesses testified, J. A. Lewis, cashier of appellant, and appellee Roark, and that Roark testified to nothing about the taking of the new note, but that the cashier, Lewis, testified, positively, that he did not accept the new note in payment of the one sued on, and that at the time Jones gave the new note he (Lewis) told him (Jones) that he would not accept said note in payment for the note sued on, unless Roark also signed same, and that Roark did not sign the new note, and that therefore the undisputed evidence shows that said new note was not accepted in payment for the old one. On the other hand, appellee insists that the facts and circumstances show that the new note was given and accepted in payment of the note sued on. It is undisputed that the new note was given by Jones, and that it included the principal and interest of the note sued on; that a new mortgage was given to secure its payment, which included the property in the first mortgage with some other property; that the new note was duly stamped and placed among the assets of the bank, and that the mortgage was promptly filed for record; that upon the execution of the new note, the old one was defaced by appellant's placing the marks " # # # # " upon and across its face, all this without Roark's knowledge and consent; and further we find in the statement of facts that on recross-examination the witness Lewis made the statement "that the defendant (Jones) made the new note, and that he (witness) accepted it." In this the witness apparently contradicted his former statement.

[4] It was for the jury to say, from all the facts and circumstances, whether the new note was accepted in payment of the

old one—the note sued on—and it was their province to weigh the evidence. The rule is well established that a question wholly dependent upon the uncorroborated testimony of a party interested in the litigation, though unopposed by other witnesses, is for the jury; they having the right to pass upon the weight and credibility of his testimony. Sonnentheil v. Brewing Co., ·172 U. S. 408, 19 Sup. Ct. 233, 43 L. Ed. 495; Rayner v. Posey (Tex. Civ. App.) 173 S. W. 249; Bank v. McWhorter (Tex. Civ. App.) 179 S. W. 1150. It has frequently been held that the testimony of a party to a suit is not conclusive and binding upon the jury where there are facts and circumstances which tend to contradict his statements. Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350; Groves v. Whittenberg (Tex. Civ. App.) 165 S. W. 889; Lasatar v. Jamison (Tex. Civ. App.) 203 S. W. 1151; Mills v. Mills (Tex. Com. App.) 228 S. W. 920. In the instant case the jury seems to have followed the old adage that "actions speak louder than words."

We think the evidence amply supports the jury's finding that the new note was given and accepted in payment of the note sued on, and hence that the judgment should be affirmed.