**GRUBBS et al. v. NASH. (No. 1271.)**

(Court of Civil Appeals of Texas. Beaumont. June 24, 1925. Rehearing Denied July 1, 1925.)

**1. Appeal and error ⟲883—Party's request for verdict against him constitutes waiver of error, if any, in overruling motion for instructed verdict.**

Where party requested jury to return verdict against him, though he might have been entitled to instructed verdict, he cannot complain on appeal of court's action based on verdict, since his request is an estoppel against him to complain of verdict and constitutes a waiver of errors, if any, in overruling motion for instructed verdict.

**2. Appeal and error ⟲1161—Where appellee admitted that question was moot, and appellant made statements entitling him to reversal, judgment will be reversed.**

Where appellee in his brief admitted that question whether attached land was homestead had become moot, and appellant made statement in brief entitling him to reversal, judgment foreclosing attachment lien will be reversed.

Appeal from District Court, Kaufman County; Ed R. Bumpass, Judge.

Action by Wood Nash against R. F. Grubbs and another. From a part of the judgment foreclosing an attachment lien on one parcel of land, defendants appeal, and from that part of the judgment denying foreclosure of attachment lien on another parcel of land, plaintiff appeals. Reversed and rendered in part, and in part affirmed.

Lee R. Stroud, of Dallas, for appellant.

Wynne & Wynne, of Kaufman, for appellees.

WALKER, J. Appellee instituted this suit against R. F. and H. H. Grubbs upon a series of vendor's lien notes, seeking a foreclosure of the vendor's lien. Also he sued out a writ of attachment, which was levied upon certain other parcels of real estate as the property of R. F. and H. H. Grubbs. Both the defendants filed answers, admitting the justness of the plaintiff's notes and his right to a foreclosure of his vendor's lien. In effect, H. H. Grubbs disclaimed all interest in all the other parcel of land seized under the attachment. R. F. Grubbs contested the attachment as against one tract of 100 acres and an undivided interest of 18 acres in another tract of 217 acres, on the ground that these two tracts constituted his homestead. The trial of this case therefore was confined primarily to a disposition of the homestead issues.

Upon the conclusion of the evidence, both parties asked for an instructed verdict, which being overruled, the homestead issues as to both tracts of land were duly submitted to the jury, who found that the 100-acre tract was not the homestead of R. F. Grubbs, but that the 18-acre tract was the homestead of R. F. Grubbs. The homestead issues were submitted in the form of certain questions propounded to the jury, asking them whether the respective tracts of land constituted the homestead of R. F. Grubbs. The issue as to the 18 acres of land was submitted under the second question. In overruling appellee's motion for rehearing, the trial court expressly found that his attorney "requested the jury to answer special issue No. 2 'Yes,' stating that it would be a question of law for the court to pass on." By answering the question "Yes", the jury found that appellee could not foreclose his attachment lien, since the land, being homestead, was not subject to attachment.

[1] Appellant duly prosecuted his appeal from the judgment foreclosing the attachment lien on the 100 acres. Appellee has undertaken to attack the court's judgment denying him a foreclosure of his attachment lien on the 18 acres but if he has any cross-assignments attacking that portion of the court's judgment, he did not bring them forward in his brief (Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098) and anyway, having requested the jury to return a verdict against him, though under the law he might have been entitled to an instructed verdict, he cannot now complain of the court's action based upon the jury's verdict. His act in requesting the finding is an estoppel against him to complain of the verdict, and constitutes a waiver of the errors, if any, committed by the court in overruling his previous motion for an instructed verdict.

[2] Appellee, in his brief, does not contest appellant's appeal as affecting the 100 acres, but says:

"We make no reply to appellant's brief, and do not endeavor to answer the same, because the 100 acres has been released from any attachment lien, and there is no lien against the same, and that part of this cause has become a moot question."

But apart from this admission of appellee, appellant has made a statement in his brief entitling him to a reversal of the judgment of the court subjecting his 100-acre homestead to the attachment lien, and to a rendition in his favor exempting his home from that lien. It is therefore our order that the judgment of the trial court subjecting the 100 acres of land to the attachment lien be, and the same is hereby, in all things reversed and rendered in appellant's favor, but that the judgment, in so far as it relieved the 18 acres of the attachment lien, be, and the same is, hereby in all things affirmed. Reversed and rendered in part, and in part affirmed.