KOONTZ et al. v. COLGLAZIER & HOFF, Inc.   (No. 2139.)

Court of Civil Appeals of Texas.   El Paso.
April 5, 1928.

**1. Trial ⟨⟩352(5)—Grouping several issues of contributory negligence by plaintiff automobilist in one special issue held erroneous (Rev. St. 1925, art. 2189).**

In action for damages in automobile collision, under Rev. St. 1925, art. 2189, grouping in one special issue questions of plaintiff's contributory negligence in driving at reckless and excessive speed, in failing to have automobile under control when approaching road intersec-

tion at which collision took place, by failing to sound horn or warn of approach to intersection, by failing to keep proper lookout, by failing to apply brakes and to stop automobile in time to avoid collision, or in driving automobile from right-hand side of road to left-hand side before she reached intersection, was erroneous.

**2. Appeal and error ⟨⟩230—Party not making timely objection at trial waived error in including in one special issue several issues relating to contributory negligence (Rev. St. 1925, arts. 2185, 2189).**

In automobilist's action for damages in collision, although including in one special issue many features of contributory negligence, was improper and erroneous, under Rev: St. 1925, art. 2189, plaintiff, failing to make timely objection thereto in trial court, waived such error under art. 2185, by not making timely objection in the court below.

**3. Appeal and error ⟨⟩882(14)—Plaintiff, waiving error in submitting special issue containing several issues of contributory negligence, may not complain that finding does not show act of contributory negligence of which jury found her guilty (Rev. St. 1925, arts. 2185, 2189).**

In action for damages in automobile collision, where plaintiff, by failure to make timely objection as required by Rev. St. 1925, art. 2185, waived error under article 2189 in submitting in special issue to jury several issues of contributory negligence, she could not on appeal complain that she was unable to determine act of contributory negligence of which jury found her guilty.

**4. Trial ⟨⟩366—Affirmative finding on special issue containing several issues relating to contributory negligence in automobile collision held to support judgment against plaintiff, where defect in issue was waived (Rev. St. 1925, arts. 2185, 2189).**

In action for damages in automobile collision, affirmative finding on special issue as to whether plaintiff was guilty of contributory negligence *held* sufficient on which to base judgment against her, regardless of fact that such issue improperly contained several issues relating to contributory negligence, contrary to Rev. St. 1925, art. 2189, in view of fact that failure to make timely objection in trial court waived such objection under article 2185.

Appeal from District Court, Medina County; L. J. Brucks, Judge.

Action by Mrs. Rachel C. Koontz and husband against Colglazier & Hoff, Inc. From a judgment for defendant, plaintiffs appeal. Affirmed.

Ralph J. Noonan, of Hondo, and Hertzberg & Kercheville, of San Antonio, for appellants.

Birkhead, Lang & Beckmann, Templeton, Brooks, Napier & Brown, and Harold K. Stanard, all of San Antonio, for appellee.

HIGGINS, J.   Appellee, Colglazier & Hoff, Inc., was engaged in topping with asphalt

the Castroville Highway. M. E. Varner owned an automobile truck, and was driving the same, hauling asphalt to be spread upon the road by appellee. The La Coste road runs into the Castroville Highway at an angle of about 45 degrees, the apex of the angle pointing northwest. At the point of intersection the Castroville road runs east and west. Castroville is west of the intersection. Upon the occasion in question Varner was driving his truck eastward upon the Castroville Highway, loaded with asphalt, and at the same time appellant, Mrs. Koontz, was driving a car upon the La Coste road enroute to Castroville. At the intersection of the roads Mrs. Koontz's car collided with Varner's truck, inflicting personal injuries upon the former, and to recover the damages thus sustained she brought this suit against appellee.

Appellee pleaded that Varner was an independent contractor, which question was submitted to the jury in the first issue and found against appellee. It also pleaded contributory negligence upon appellant's part, the several grounds of negligence alleged against her being sufficiently shown by the fourth issue submitted. Omitting accompanying definitions, issues 2 to 5, inclusive, are as follows:

"2. Do you find from the evidence that M. E. Varner was negligent in the operation of his truck at the time of the collision, either by driving the truck at a rapid and reckless rate of speed while approaching the intersection of two highways, if you find he did so, or by failing to sound his horn or give any warning of his approach, knowing that he was partially concealed from view, if you find that he so failed; or by failing to keep a proper and reasonable lookout ahead just prior to approaching the road intersection, if you find he so failed to do; or by failing to apply his brakes and stop his truck in time to avoid the collision, if you find he so failed to do; or by negligently swerving his truck to the left, if you find he did so.

Answer 'Yes' or 'No.'

"3. Was such negligence, if any, the proximate cause of the collision? Answer 'Yes' or 'No.'

"4. Do you find from the evidence that the plaintiff, Mrs. Rachel O. Koontz, was negligent in the operation of the automobile she was driving, either by driving the same at a reckless and excessive rate of speed, if you find she did so; or by failing to have it under control when approaching the intersection of the two roads, if you find such to be the fact; or by failing to sound the horn or give other warning of the approach of her automobile to the road intersection, if you find she so failed to do;. or by failing to keep a proper, prudent and reasonable lookout ahead, if you find she so failed to do; or by failing to apply the brakes to her automobile, and to stop the same in time to avoid collision with the truck, if you find she so failed to do; or by driving her automobile from her right-hand side of the La Coste road to the left-hand side of the same before she reached the intersection of the La Coste road

with the Castroville road, so as to hug the inside of the road in making the left turn into the Castroville road, if you find she did so? Answer 'Yes' or 'No.'

"5. (To be answered only in the event your answer to the foregoing special issue No. 4 is 'Yes.') Did such negligent acts and omissions on the part of plaintiff, if any, cause or contribute to cause the collision with M. E. Varner's truck? Answer 'Yes' or 'No.'

"If you answer the foregoing special issues Nos. 4 and 5 'Yes,' then you need not further answer; but, if neither one or both have been answered in the negative, then you will answer the following questions."

These issues were all answered in the affirmative. In accordance with the instruction given in connection with question 5, no answers were returned to other issues submitted. Appellee filed objections to the grouping of issues in questions 2 and 4, and the same were overruled. Appellant made no objection whatever to the charge. Judgment was rendered in favor of appellee.

By her fourth proposition appellant complains of the improper grouping of the issues of contributory negligence, and by the third proposition complains she is unable to determine of which act of negligence the jury found her to be guilty, and which act was found to be a contributing cause of the collision.

[1-3] The grouping of the issues of contributory negligence was manifestly improper and erroneous (article 2189, R. S.), but by the express terms of article 2185, R. S., appellee waived the error by failing to make timely objection thereto in the court below. The situation which appellant complains of in the third proposition is the necessary consequence of the erroneous form of submitting such issues. Having waived such erroneous submission, she cannot complain of the necessary consequences of the error. To hold otherwise would render nugatory the provisions of article 2185, R. S., requiring objections to a charge to be presented to the court before the charge is read to the jury, and all objections not so made and presented "shall be considered as waived."

[4] By the first and second propositions it is asserted the finding upon the issue of contributory negligence is insufficient upon which to base a judgment against appellant, because of the omission to find as to any certain act of negligence as a contributing cause of the collision. As pointed out above, the uncertainty as to the particular act of contributory negligence found against appellant is the consequence of the improper and erroneous manner in which the defendant's plea of such negligence was submitted, and as appellant waived that error she cannot complain of its resulting consequence.

By their answers to issues 4 and 5, the jury certainly found her guilty of one or

more acts of contributory negligence. This was sufficient and required the rendition of judgment against her. The situation is similar to what it would have been had the case been submitted upon the general issue and verdict returned for defendant. In such case plaintiff would not have known upon what ground the jury found against her. In such a situation it might have been because the jury found Varner was free from any negligence, or that he was negligent and plaintiff likewise guilty of contributory negligence in one or more of the grounds alleged against her.

It is further contended findings 4 and 5 are contrary to the evidence. This is untenable. Upon several and perhaps all of the submitted grounds of contributory negligence the evidence amply supports the finding. Especially is this true with respect to appellant driving at a reckless and excessive speed, failing to have the car under proper control when approaching the intersection, failing to maintain a proper lookout, and driving on the wrong side of the road entering the Castroville Highway.

This disposes of all propositions presented. In the condition of the record, no reversible error is shown.

Affirmed.