### MORRIS v. DRESCHER et al.
### No. 2019.

Court of Civil Appeals of Texas. Waco.
Nov. 17, 1938.

Rehearing Denied Jan. 26, 1939.

A. H. Mount, of Dallas, and J. Russell Mount, of Houston, for appellant.

Logan Ford, of Dallas, for appellees.

GEORGE, Justice.

M. Morris, appellant, instituted suit against Floyd L. Drescher, on October 2, 1935, founded on an alleged verbal agreement of March 1, 1935, by Floyd L. Drescher to repay him certain sums of money advanced by him in making improvements on property leased by him and Carl F. Arthofer, partners, from Drescher. On December 22, 1936, Anna Blanche Drescher and Dorothy Lynn Drescher, surviving widow and minor daughter respectively of Floyd L. Drescher, deceased, filed amended answer and cross-action, and M. Morris, on December 22, 1936, filed first supplemental petition and answer to cross-action, and on December 29, 1936, filed amended petition. The case was tried before the court without a jury and judgment was rendered for appellees on their cross-action for past due rent against M. Morris and for title and possession of certain real property against M. Morris and Carl F. Arthofer.

The trial court found that no such verbal agreement was made, and if there is any evidence of substantial probative force to support such finding, then same is binding on us and will be accepted by us as our finding. The credibility of the witnesses and the weight to be given their testimony was solely for the trial judge. Jackson v. Watson, Tex.Com.App. 10 S.W. 2d 977, par. 2; Dolen v. Lobit, Tex.Com. App. 262 S.W. 731; 3 Tex.Jur. par. 762, p. 1092; par. 765, p. 1090; par. 768, p. 1096; par. 764, p. 1088.

Appellant does not complain of the judgment rendered against him for the sum of $360, together with interest thereon from date of the judgment at the rate of six per cent per annum and for title and possession of the real property. The record discloses that the evidence as to the existence of alleged verbal contract is conflicting and that there is evidence tending to support a finding either way. When we have discarded all testimoney except that which tends to support the finding and judgment thereon and have given same its most favorable interpretation, we may consider as established that appellant and Arthofer wanted to rent the real property from Floyd L. Drescher for a period of three years and improve and fix it up so that it would look like something; that they determined what improvements were to be made, and that none of the materials were put out there and that none of the improvements were made at Drescher's expense, but that same were to be at the expense of Arthofer and Morris, as lessees.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

Appellant contends that he can, on motion for rehearing in this court for the first time, raise and take advantage of the fact that the record does not affirmatively show due service of citation on the minor, Dorothy Lynn Drescher, even though it does affirmatively show that she appeared in person and by attorney and by guardian ad litem and answered and successfully defended against the cause asserted by him.

The suit was instituted on October 2, 1935; Floyd L. Drescher died on December 23, 1935, and the cause did not come on for trial until February 22, 1937. It does not appear affirmatively by the record that the minor was not personally cited but only negatively so by failure to show citation and service; however, it does affirmatively appear from the face of the record that the minor appeared in person, by attorney and by guardian ad litem, appointed by the trial court, and answered and defended.

The duty rested on appellant to cause citation to issue and to see that same was served on Dorothy Lynn Drescher in the manner provided by law within a reasonable time after the death of her father. Vernon's Annotated Civil Statutes, art. 2080; Hurst v. Marshall, 75 Tex. 452, 13 S.W. 33.

The trial court should not have proceeded to trial on the merits of the cause asserted by appellant without proper service of citation on Dorothy Lynn Drescher, Wright v. Jones, Tex.Com.App., 52 S.W.2d 247; but should have dismissed the cause in the event service was not

secured within a reasonable time. Alex-. ander v. Barfield, 6 Tex. 400; Trahan v. Roberts, Tex.Civ.App., 48 S.W.2d 503; Bogle v. Landa, 127. Tex. 317, 94 S.W.2d 154; John E. Quarles Co. v. Lee, Tex.Com. App., 58 S.W.2d 77; Baker v. Arnett, Tex. Civ.App., 106 S.W.2d 849; Kimball-Krough Pump Co. v. Judd, Tex.Civ.App., 88 S.W.2d 579. Likewise, the court was not authorized to appoint a guardian ad litem for her if not served by process, Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676; City of Dallas v. Crawford, Tex.Civ.App., 222 S.W. 305; Maury v. Keller, Tex.Civ.App., 53 S.W. 59; Tutt's Heirs v. Morgan, .18 Tex.Civ.App., 627, 42 S.W. 578, 46 S.W. 122; Moore v. Prince, 5 Tex.Civ.App. 352, 23 S.W. 1113; yet the judgment is not void. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; McAnear v. Epperson, 54 Tex. 220, 38 Am.Rep. 625; Alston v. Emmerson, 83 Tex. 231, 18 S.W. 566, 29 Am.St.Rep. 639; Ellis v. Stewart, Tex.Civ.App., 24 S.· W. 585; 23 Tex.Jur. p. 771, sec. 73.

█ If judgment had been rendered against Dorothy Lynn Drescher without proper service of citation affirmatively appearing of record, she could have taken advantage of such fact at any stage of the proceedings on appeal or writ of error because the judgment against her would have partaken of the nature of a judgment by default, for the reason that she was without legal capacity under the law to waive any of its requirements, Wheeler v. Ahrenbeak, 54 Tex. 535; De Proy v. Progakis, Tex.Com.App., 269 S.W. 78; Sprague v. Haines, 68 Tex. 215, 4 S.W. 371; but this is not true or applicable to appellant for he could waive everything except the jurisdiction of the court. Blum v. Goldman, 66 Tex. 621, 1 S.W. 899; Hurst v. Marshall, 75 Tex. 452, 13 S.W. 33; Perry v. Jaggers, Tex.Civ.App., 9 S.W.2d 143; Brasher v. Carnation Co. of Texas, Tex.Civ.App., 92 S.W.2d 573. And the burden is on him to show affirmatively by the record that error was committed. Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750, pars. 2 and 3; Mills v. Mills, Tex. Com.App., 265 S.W. 142; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579.

█ Ordinarily, in the absence of anything in the record to the contrary, it will be presumed that the party against whom a cause of action is asserted had been served with citation, Mosaic Templars of America v. Smith, Tex.Civ.App., 236 S.W. 175; Water & Light Company of El Campo v. El Campo Light, Ice & Water Co., Tex. Civ.App., 150 S.W. 259; and the exceptions to this rule appear to be where the question is raised by the party against whom judgment by default is rendered and a minor against whom judgment is entered. The reason for the rule where judgment is against a minor is given in the case of Wheeler v. Ahrenbeak, 54 Tex. 535.

█ This matter could and ought to have been raised in the trial court. The error is not apparent upon the face of the record. Appellant, with full knowledge of all the facts, voluntarily announced ready for trial and actively participated therein without either suggesting to the trial court want of service of process on the minor or discharging the burden resting upon him to cause her to be duly served with citation within a reasonable time after the death of her father, Floyd L. Drescher. He had a full day in court according to his choosing, and if there was any error in the proceedings, it was occasioned by his negligence, and such error did not affect him or his cause in anywise. We think appellant is estopped by his conduct to assert at this time want of service of citation on the appellee, Dorothy Lynn Drescher. Spence v. State National Bank of El Paso, Tex. Com.App., 5 S.W.2d 754, pars. 3 and 4; Overton v. Ragland, Tex.Civ.App., 54 S. W.2d 240; Hopkins v. Donaho, 4 Tex. 336; Ben C. Jones & Co. v. State Printing Co., Tex.Civ.App., 228 S.W. 619; Debes v. Greenstone, Tex.Civ.App., 260 S.W. 211; Koontz v. Colglazier & Hoff, Tex.Civ.App., 5 S.W.2d 618; Pullman Co. v. Cox, Tex. Civ.App., 220 S.W. 599; Masterson v. Turnley, Tex.Civ.App., 220 S.W. 428; Grubbs v. Nash, Tex.Civ.App., 275 S.W. 257; 3 Tex.Jur. sec. 728, p. 1026; sec. 729, pp. 1028, 1029; sec. 730, pp. 1029, 1030; sec. 731, pp. 1031, 1032.

The motion for rehearing is overruled.